116 So.2d 743

**Stephen N. POSEY et al.**

v.

**ST. CLAIR COUNTY.**

**7 Div. 470.**

Supreme Court of Alabama.

Dec. 17, 1959.

Frank B. Embry, Pell City, and Roderick M. McLeod, Jr., Birmingham, for appellants.

Starnes & Holladay, Pell City, for appellee.

MERRILL, Justice.

St. Clair County filed a condemnation proceeding against appellants to secure a strip of land 60 feet wide, consisting of 1.8 acres, running through 40 acres of appellants' land, for an access road to a new limited access highway. A final decree of condemnation was entered in the probate court awarding the sum of $2,000 damages pursuant to the report of the appointed commissioners.

St. Clair County appealed to the circuit court and, upon a trial by jury, no damages were awarded to appellants. A motion for a new trial was overruled.

During the course of the trial, one of the appellants and the owner of most of the land, Stephen N. Posey, made it known to the court that he would like for the jury to view the road across the 40 acres, it being then nearly completed. The court stated that the request would not be granted unless the viewing was by consent. The county consented and after all the testimony was taken, the jury did go and view the premises.

The evidence showed that appellants' property was served by a very rough road at the boundary of the 40 acres, but that road could no longer be used because it would be blocked by the new highway at a point where there would be no access to the highway. Appellant Posey had lived on the land since 1915 and it had been used solely for farm purposes, and was located less than one mile from the city limits of Leeds in Jefferson County.

Assignments of error 10, 11 and 18 are concerned with rulings on evidence that St. Clair County was going to blacktop the road through appellants' land. Witness Hamilton was permitted to testify that the Court of County Commissioners had voted to blacktop the road; witness McKinney was allowed to testify that the county commissioners had passed a resolution to blacktop the road; and the minutes showing such action were introduced in evidence.

This phase of testimony was first introduced by appellants in their cross-examination of witness McKinney as follows:

"Q. Now, that road and your services in this particular is under the supervision of the Federal Bureau of Roads, isn't it? A. It is a cooperative effort between the bureaus.

"Q. The State Highway Department and the Federal Bureau of Roads; is that right? A. And St. Clair County, yes, sir.

"Q. What part does the county have to do with it? Do they pay anything?

"Mr. Starnes: We object to that, may it please the Court.

"The Court: Overruled.

"Mr. Starnes: We except.

"A. My understanding is that they will participate in the construction cost of this particular project, yes, sir.

"Q. (By Mr. Embry) Where did you get that information? A. Due to the fact that there is of record—The minutes of the Probate Court show that the county will blacktop this road after it is completed by the state."

Since appellants first went into the matter, appellee was entitled to pursue it further. Assuming, without deciding, that the county's participation in the project was irrelevant, the principle is that it is not error to receive irrelevant evidence to rebut or explain evidence of like kind offered or brought out by the complaining party. Windham v. Hydrick, 197 Ala. 125, 72 So. 403. Moreover, the Minutes of the Court of County Commissioners show the passage of the resolution on August 28, 1958, which was prior to the filing of the original petition for condemnation. The evidence that the road would be blacktopped was, therefore, admissible to show what type of road would serve the property when the project was ultimately completed.

Assignment 12 charges that the court erred in sustaining appellee's objection to a question propounded to Mrs. Virginia Lukor, Treasurer of the Commissioners Court. She was asked: "What is the financial condition of this county as to the pledges of the gasoline tax?" This was neither relevant nor material to the matter of damages in condemnation proceedings and the objection was properly sustained by the trial court.

Assignment 14 alleges that the court erred in overruling appellants' objection to a hypothetical question propounded to the witness Buel Johnson:

"Q. Mr. Embry has asked you some questions in regard to other properties that have been sold in the near vicinity of this. I will ask you a hypothetical question here. If a highway or road should be built across the lands here you inspected and this land would be suitable for lot purposes, if that should be what the owner should desire to use

his property for after the road was built, would the fact that the road was built there increase or decrease the value of his property? A. It would increase it.

"Mr. Embry: We object to that. He asked the question if the road would enhance the value of the property. He has already answered it did not. He fixed the damage, even with the road in there, at $660.00."

It will be noted that the objection came after the answer. An objection not made until after a responsive answer by the witness comes too late for the appellant to be entitled to review of the matter here. Allison v. Owens, 248 Ala. 412, 27 So.2d 785. Furthermore, there was no ruling on the objection. An assignment of error complaining of the admission of evidence without a ruling of the court upon an objection or motion to exclude presents no matters for review. Davis v. Harrell, 209 Ala. 528, 96 So. 616; Taliaferro v. Lee, 97 Ala. 92, 13 So. 125.

The other argued assignment of error, No. 1, charges that the court erred in overruling the motion for a new trial, two of the grounds of which being that the verdict was against the weight and preponderance of the evidence, and contrary to the evidence.

Appellants argue that every witness qualified to testify as to damages placed the amount from $660 to $20,000, and most of them gave their opinion that the damages amounted to $20,000. Appellants contend that "all the evidence was to the effect that the Appellants suffered damages as a result of the taking, and therefore a verdict which awarded no damages could not have been based on the evidence."

In Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186, 188, we said:

"The final inquiry is the difference between the value of the tract before and after the completion of the project.

McRea v. Marion County, 222 Ala. 511, 133 So. 278; Pryor v. Limestone County, 222 Ala. 621, 134 So. 17. Under Section 14, Title 19, Code of 1940, in cases of 'the condemnation of lands for ways and rights of ways for public highways' the commissioners, or the jury on appeal to the circuit court, must take into consideration the value of the enhancement to the remaining lands of the owner; that is, the increase in value of the remainder of the parcel or tract over which the highway is constructed. Conecuh County v. Carter, 220 Ala. 668, 126 So. 132; Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 68 A.L.R. 776; McRea v. Marion County, supra."

But two witnesses, one for appellee and one for appellants, testified that the road would increase the value of the remaining property for subdivision purposes. This evidence, in addition to the fact that the jury viewed the premises by consent of the parties, was sufficient to sustain the verdict. Again, we quote from Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186, 188, where it was said:

"* * * Suffice it to say that we have in conference fully and carefully considered all of the evidence and are not persuaded that, after allowing all reasonable presumptions in favor of the correctness of the verdict, that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738. The court and jury heard and saw each of the witnesses testify, and an examination of the record persuades us that this was of peculiar advantage upon the issue of fact for determination. Verdicts are not to be set aside merely because they do not correspond with the opinion of the court or are against the mere preponderance of the evidence. Huckaba v. Hill, 209 Ala. 466, 96 So. 569. We do not think that the action of the trial court in denying the motion for new trial upon this ground should be here overturned."

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.