298 So.2d 613

**Sharon Aletha PHILLIPS**

v.

**Ira PHILLIPS, Jr.**

**Civ. 350.**

Court of Civil Appeals of Alabama.

Aug. 7, 1974.

192

Roy D. McCord, Gadsden, for appellant.

Jack W. Torbert, Gadsden, for appellee.

HOLMES, Judge.

Appellee petitioned the lower court to change or modify a prior decree with regard to visitation rights which had been granted him pertaining to his minor child who was in the custody of appellant. Appellant filed an answer to the petition of appellee and further filed a cross petition for increased support payments for the minor child of the parties.

The petition to modify and the cross petition were argued before the trial court which heard the testimony *ore tenus* on November 13, 1973. Thereafter, the court entered its decree which extended the visitation rights of appellee and increased the child support payments. The court further taxed all costs to appellee which included a $200 attorney's fee awarded by the court to appellant's attorney.

From this decree, appellant, through her able and distinguished counsel, appeals and argues fourteen assignments of error in the lower court's decree. Assignments 1 through 10 deal with the visitation rights granted appellee; assignment 11 urges the insufficiency of the increased child sup-

port; assignment 12 states the award of attorney's fee is insufficient; assignment 13 alleges the lower court erred in granting relief to appellee which he did not seek and which the evidence did not warrant; and assignment 14 states the lower court erred in failing to date its decree.

The testimony at trial consisted of testimony by appellee-father, appellant-mother, and two attorneys who testified regarding a reasonable attorney's fee.

The father stated that since the prior decree rendered by the court, he had moved to an apartment which he and a roommate shared, having, prior to the move, lived in the home of his parents. Appellee testified he had facilities there which would enable him to keep his daughter himself, and that he wanted the court to either give him the custody of his child, or increase his visitation rights.

The prior decree had provided that appellee could see his child every other Sunday from 3:00 P.M. to 6:00 P.M. at his residence. Testimony showed the mother normally took the child to the father for this visit. Appellee also had a right of reasonable visitation, whereby he could visit the child at appellant's home, and that the visits were "extremely unpleasant." We note, furthermore, that the child is over a year older since the earlier decree.

Testimony concerning appellee's financial condition showed that at the time of the hearing he was employed by Eagle Tires and had a take-home pay of $555.10 per month. He also received $259.47 net per month from teaching at Gadsden State Junior College. There was testimony that he would be resigning from his teaching job at the end of the quarter because of circumstances requiring his services at the tire company.

Appellee stated he owned 1,000 shares of stock in Eagle Tires, Inc., of which there are 65,000 shares outstanding, and he owned 1,000 shares of Ira Phillips, Inc., which also had 65,000 shares outstanding. Appellee testified he received $250 in dividends from both corporations for the year 1973. Appellee further stated he was indebted to The American National Bank for $13,000 and to his father for $2,500.

Testimony showed that appellee's income had increased since the earlier decree awarding child support payments.

Appellant testified that the child, who was approximately two years old at the time of trial, was very energetic, easily hurt, and easy to catch cold. She stated the child was very attached to her and that she didn't feel anyone else could take care of the child as well as she did. Appellant stated that she objected to the baby being carried away from home overnight. Appellant further testified that the present allotment of approximately $150 per month child support was insufficient, and that she thought it would take $60 to $65 per week to reasonably support the baby.

At the outset, we note the law of this state is clear that on appeal we view a decree rendered after a hearing *ore tenus* as if it were a jury verdict, and we will reverse such decree only if, after considering all the evidence, we conclude that it is clearly and palpably wrong. Lipham v. Lipham, 50 Ala.App. 583, 281 So.2d 437; 2A Ala.Dig., Appeal and Error, ☜934(2) and 1009(1), and cases cited therein. Additionally, in this instance, under the facts, the court had the power to modify the visitation rights.

Appellant argues error in the granting of increased visitation rights by the lower court. Assignments of error 1, 2, and 4 through 8 deal with arguments by appellant that appellee should not have been given increased visitation privileges. Assignments 3, 9, and 10 urge error stating that the lower court's order gave visitation privileges to appellee's parents, i. e., the grandparents of the minor child.

As we view the decree as it relates to the paternal grandparents, it provides that the appellee could visit the minor child the first and third Sundays of each month

from 9:00 A.M. to 5:00 P.M., and that the grandparents could, if directed by the father, pick up the child for the father during this time, not that the grandparents were given any specific visitation rights of their own. Therefore, we find no reversible error in assignments of error 3, 9, and 10.

The decree, as to appellee's visitation, provides that beginning October 1, 1974, appellee has the right to have the child visit him the first and third weekends of each month. The court also provided that appellee could have the child during Thanksgiving holidays of odd-numbered years, each year during Christmas holdiays for four days beginning Christmas day, and commencing in July 1975, the month of July each summer.

■ We cannot hold that the lower court erred in its above determination of visitation periods. We have consistently held that much discretion is left with the trial court in the settlement of visitation rights between the parents, and each case must stand on its own peculiar facts and personalities involved. Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797; Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772. See also 8 Ala.Dig., Divorce, ⊖⇁ 296 and 299. In this instance, we cannot say the trial court abused its dicretion with regard to the visitation rights provided for in its decree.

■ We further cannot say the lower court erred because of granting an insufficient amount of child support as argued by appellant in assignment of error 11. The court increased the existing child support payments approximately $50 per month over the existing child support, to wit, from approximately $150. per month to over $200 per month. Each case must depend upon the facts of such case, and no mathematical formula can determine what is an appropriate award of child support. Skipper v. Skipper, *supra*; Self v. Self, 49 Ala.App. 665, 275 So.2d 345; Cooley v. Cooley, 45 Ala.App. 461, 231 So.2d 915.

Appellant argues by assignment·of error 12 that the lower court erred in failing to award a sufficient attorney's fee to appellant's attorney for his services.

■ While we note that two attorneys testified at trial that a $300 award would be reasonable and the trial court awarded $200, we cannot say the lower court abused its discretion, even though we might have taken a different action. The law is well-settled that the allowance of attorney fees rests within the sound discretion of the trial court. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308; Brock v. Brock, 281 Ala. 525, 205 So.2d 903.

We find no reversible error in this instance in the trial court's failure to date its decree. We note the appellant cites to us no authority that it is error.

Upon consideration of the above and all assignments of error properly presented, the decision of the lower court is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.