WRIGHT, Presiding Judge.
This is an appeal from an order modifying child support provisions of a divorce decree.
The original 1974 decree granted to appellant (the wife) custody of the two children, then ages seven and four with child support of $100 per month. In March 1977 the mother requested an increase to $300 per month. After oral hearing the court ordered the support be increased to $130 per month with the father maintaining a hospital policy for the children. The wife appealed. We affirm.
*612 Testimony and tax returns of the father indicate an increase in gross income from $7,802, in 1974 (the year of' the divorce) to $9,256 in 1976. He is remarried and his present wife is employed. The father or his parents have custody of the children every weekend, and purchase some clothing for them.
The wife has also remarried. She has been employed for 8Vz years. Her income has risen from $8,821 in 1974 to $11,559 in 1976. She claims the children as dependents and receives credit for tax purposes for the cost of child care which was $1,875 in 1976.
The wife submits that the yearly income of the husband has increased some $2,400 since the support was set at $100 per month and that the court erred in not granting an increase greater than to $130 (a 30% increase).
The modification of a prior decree for support, based upon changed circumstances of the parties, is largely a matter within the judicial discretion of the trial court. The exercise of such discretion is to be disturbed on appeal only if from a review of the evidence this court finds in the decree such an abuse of discretion as to be plainly and palpably wrong. Womble v. Womble, 56 Ala.App. 318, 321 So.2d 660 (1975). That a husband’s income has increased materially is a weighty factor in sustaining a trial judge in increasing an award. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772 (1965). Here, the judge, having heard and reviewed the evidence, granted a 30% increase in child support. Each case must depend upon its own facts and no mathematical formula can determine what is an appropriate award of child support. Phillips v. Phillips, 53 Ala.App. 191, 298 So.2d 613 (1974).
The wife contends the trial court gave improper consideration to the fact that she earns more than the husband.
It is impossible for this court to determine the extent of the court’s consideration of that fact. It was not improper to consider that fact.in relation to the change in circumstances and to the present needs of the children. Sources of assistance available for the total support of the children are certainly relevant facts, though they do not change the basic rule that the primary duty of support is upon the father. Womble v. Womble, supra.
Upon consideration of all factors and the evidence, we are unable to find the judgment of the trial court palpably wrong.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.