HOLMES, Judge.
The Circuit Court of Houston County modified a previous decree of divorce regarding visitation rights of the father. From this modification the mother appeals. We affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in granting the father specific visitation rights. As indicated above, we find no abuse of discretion and affirm.
The father and mother were divorced in 1977. An agreement regarding child support, custody, and visitation was entered into and incorporated into the decree of divorce. The mother was granted custody; the father was required to pay $250 per month child support; and the father was granted the right to visit with the minor child (who is now approximately three years old) “ . . . at reasonable times and places.”
Thereafter, the husband filed a petition to modify alleging the mother had moved to Texas; that he had been denied reasonable visitation rights and specifically requested the trial court to specify reasonable visitation privileges. The wife answered the petition stating that she had not refused visitation rights to the father and that the father'was unfit for the child to visit with him.
After an ore tenus hearing, the learned trial judge entered a decree which provided that the father was to have the child six weeks each year, divided into three week periods until the child reached school age, and thereafter, to have the child the month of June, one week of Christmas, and every other year, one week during spring vacation. The father was responsible for transporting the child for the visits.[1] From this aspect of the decree the wife appeals.
The wife, through able and distinguished counsel, argues that the evidence shows the father to be unfit to have such visitation rights as granted.
We do not deem it necessary to set out in detail all of the evidence or conclusions drawn therefrom by the mother, suffice it to say that we have carefully perused the record.
Viewing the record with the attendant presumption, we find in pertinent part that the father is a college professor at Troy State University. He holds a Ph.D. academic degree. He made two visits to a mental health center. He has tried marijuana. He has entered into a common-law marriage. His present marriage partner was convicted prior to their marriage of possession of marijuana. He believes in Christian principles, but does not attend church.
*291 There is no evidence that the husband in any way physically abused his child. There is evidence that the children of the father’s present spouse live in the home with the father and his present spouse. There is evidence that these children are well adjusted. One is in the National Honor Society; one attends the Baptist Church.
With the above in mind and the entire record before this court, we cannot say that the lower court erred in its determination of visitation periods.
We have consistently held, as the Supreme Court of Alabama has held, that much discretion is left with the trial court in the settlement of visitation rights between the parents, and each case must stand on its own peculiar facts and personalities involved. See Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797 (1967); Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772 (1965); Phillips v. Phillips, 53 Ala.App. 191, 298 So.2d 613 (1974). See also 8 Ala. Dig. Divorce &wkey;296 and 299.
In this instance, we cannot say the trial court abused its discretion with regard to the visitation rights provided for in its decree.
The mother’s request for attorney’s fee on appeal is denied. The father’s request for Rule 38 ARAP sanction for frivolous appeal is denied.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. We note that the father is required to pay $250 per month child support and was current in said payments at the time of the hearing.