This is a child support modification case. The mother appeals from the trial court's action on her petition to modify child support payments. We affirm.
The dispositive issue and the only issue properly presented by the mother is whether the learned trial judge abused his discretion in failing to grant a more substantial increase in the father's support obligations.
The record reveals the following relevant facts: The parties were divorced in 1971. The mother was given custody of their three minor children. The father was ordered to pay $25 per week child support. This was his only obligation regarding the children.
The mother, through able counsel, petitioned to modify on July 26, 1978. As grounds she alleged a material change in circumstances, citing inflation, the educational needs of the three teen-age children, and increased medical expenses. She further alleged that the father's financial standing had greatly improved since the rendition of the divorce decree.
After several proceedings not germane to this appeal, an oretenus hearing was held on October 12, 1979. The mother's evidence tended to show that the children's needs had increased since the divorce. In providing for them, she had incurred substantial medical and dental bills. One son had undergone two operations. The daughter was eighteen, unmarried, and had a child of her own. Although the daughter had moved into a home owned by the father and was apparently living rent free, the mother testified she was supporting her and putting her through school.
The mother was employed, earning $900 per month.
The father stated he had become physically disabled in 1976. According to his testimony, his monthly income at the time *Page 886 
of the hearing came from the Veterans Administration, Social Security, workmen's compensation benefits, and some rental property income. The father's total income was approximately $1,500 per month. At the time of the divorce, before his disabling injury, he earned approximately $1,500 a month. The father also owned a farm, but his evidence showed he suffered a loss in this venture each of the succeeding two years before the hearing.
There was further evidence which tended to show that, beginning in February of 1980, the mother would receive $134 a month in Social Security benefits due to the father's disability. This sum was for the benefit of the minor children.
Based upon the evidence, the learned trial judge modified the decree by requiring the father to pay one-half of all presently existing medical, dental, hospital, and drug bills of the children not covered by insurance. Likewise, this obligation was to extend to any similar future expenses. The father was also to continue paying $25 per week child support in addition to the Social Security benefits.
It is well established that the modification of a decree for support, based upon changed circumstances, is a matter within the judicial discretion of the trial court. On appeal, this court will disturb the exercise of such discretion only if from a review of the evidence we find the trier of fact to be plainly and palpably wrong. Murphree v. Murphree, Ala.Civ.App.,366 So.2d 1132 (1979).
Here, although the children's needs had increased since the prior decree was rendered, the father's income had remained substantially the same. The mother is now earning $900 per month. Additionally, since the prior decree, the children are to receive an additional $134 a month due to the father's disability. Furthermore, as indicated above, the father is now to pay one-half of all medical expenses incurred by the children.
Each case such as this must depend upon its own facts.Phillips v. Phillips, 53 Ala. App. 191, 298 So.2d 613 (1974). Although the primary duty of support remained upon the father, all sources of assistance available for the total support of the children were certainly relevant facts before the trial court in fashioning the modifying decree. Young v. Young, Ala.Civ.App., 351 So.2d 611 (1977).
Upon consideration of these facts and all the remaining evidence, we are unable to find the trial court palpably abused its discretion.
The mother additionally contends error in that she was denied an attorney's fee. The award of such a fee in a modification proceeding is also a matter within the discretion of the trial court. Murphree v. Murphree, supra. We find no abuse of discretion in this instance.
In view of the above, the mother's request for an attorney's fee upon appeal is denied.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.