This controversy involves the custody of two boys who were three and six years of age at the time of the last trial.
After the circuit court had previously heard considerable oral testimony, the parties were divorced on October 6, 1978, and, in the divorce judgment, the court awarded custody of the two children jointly to the plaintiff and to the defendant. The judge recited in his decision that, although there had been some indiscretions on the part of both parties since their separation, each party was fully fit and capable of caring for the children. The court further stated:
 The Court is well aware that a more specific award of custody may be necessary in the future, especially in view of the fact that the older child will be entering school next year, and jurisdiction of this cause is expressly reserved for the purpose of awarding custody, visitation and support of said children.
On July 30, 1979 the plaintiff-father filed his petition seeking modification of the October 6, 1978 judgment so as to award primary custody of the children to him. The mother filed her answer and a counterclaim likewise seeking custody of the children. Both parents are in agreement that the joint custody judgment should have been modified and primary custody granted to one parent. Their disagreement is, and was, over which parent should have custody of the boys.
The same circuit judge who tried the original contested divorce proceeding also heard the testimony given at the contested custody hearing on October 1, 1979. The children's custody was awarded to the father, and the mother appeals such decision.
The latest judgment contained five pages of findings or conclusions of fact as to why custody was awarded to the father. We have carefully read and studied the evidence taken at the last custody trial and we ascertain that there was evidence before the circuit judge upon which his factual findings or conclusions as to that particular trial could be reasonably based. We cannot make such verification as to findings therein involving the divorce trial since the evidence of that trial is not before us.
The defendant relies upon the presumption that a mother is normally presumed to be the proper custodian of children of tender age unless for some reason she is unfit; and she relies further upon the fact that the six year old child expressed a preference to the judge in chambers that he be allowed to live with his mother.
The lower court found that both parties were fit parents and further ascertained with regard to such presumption that it is based upon the premise that the mother has cared for the children during their earliest years more than the father, and that the children are, in fact, more dependent upon the mother for such care. The trial judge decided that the presumption did not apply in this case since all of the evidence at the divorce trial indicated that the father had looked after the needs and cared for the children since birth, almost as much as the mother, which continued up until the time of the mother's move to Florence, Alabama on September 4, 1979. We must accept such factual findings of the trial judge. *Page 863 
It is clear that the lower court considered the preference of the oldest child in making his custody judgment; however, the desire of such a young child is not binding upon the courts and can be accorded only very little weight in the decision-making process. Parks v. Parks, 275 Ala. 613, 157 So.2d 212 (1963).
The last paragraph of the custody judgment was as follows:
 The Court notes that this decree may well have been considerably different, had the Defendant chosen to remain in the community where they resided during their marriage and where the children had resided for their lives.
The defendant contends that her change of residence from Scottsboro to Florence was the sole reason that she was deprived of custody of her sons. However, it is obvious from a reading of the entire judgment that her move was only one of many factors upon which the trial judge based his decision.
Of supreme concern in all child custody cases is the best interest of the child. Ala.Dig., Divorce, 298 (1) (1959). This is an easy rule to state, but a difficult rule to apply. This "what is best for the child" rule prevails over presumptions and has probably caused judges more sleepless nights than any other one legal or equitable principle. It is an awesome responsibility, fraught with difficulty, to determine the best welfare of children. The trial judge observes attitudes, facial expressions, voice tones and all human traits in parties and witnesses testifying and appearing before him, weighs the evidence, wishes for the wisdom of Solomon, and hopefully reaches the correct decision in the case. This unique opportunity to observe and hear is the primary reason for the strong presumption favoring the trial court's findings in cases of this nature. Mothershed v. Mothershed, Ala.Civ.App.,348 So.2d 501 (1977); Ala.Dig., Divorce, 312.6 (5) (1959).
Our judgment cannot be substituted for that of the trial judge unless we are convinced that he was clearly and palpably wrong. This we cannot say in this case; hence, we must affirm the judgment of the circuit court.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the 1975 Code of Alabama. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.