This is a child custody case.
The parties' divorce judgment of July 10, 1978, approved their agreement which granted to the mother the custody of their daughter, Traci, who was born in October 1974. In June 1980, the father filed his modification petition which sought Traci's custody. As to matters now argued in brief, he alleged that the mother had been arrested and charged with the possession of a controlled substance in the residence where the child lived, which residence is unsuitable and an improper environment for the child, and that Traci's best interest required that her custody be awarded to him. After an ore tenus
trial, the trial court denied the relief sought by the father, who now appeals and raises as the sole issue whether the trial court abused its discretion by so ruling. *Page 114 
We are cognizant of the attendant presumption accorded to the trial court's judgment in our summarization of some of the tendencies of the evidence. The father's argument upon the facts is that Traci should be removed from the mother's home because of a "drug environment" therein and we shall largely concern ourselves with that factual matter.
The mother married Billy Little in March 1980. Mr. Little admitted to the occasional use of marijuana but insists that such use has ceased. When he moved into his new wife's home upon their marriage, he brought some marijuana seeds with him without her knowledge. Around June 1 he threw a few of those seeds into pots situated on the deck outside the kitchen to see what would happen. Some of them germinated. About a week later, the mother asked what they were, and he informed her what he had done, which was her first information as to the identity of the plants. The remainder of the seed was placed in his dresser drawer, and he later hid in the home less than one-half ounce of marijuana which had been given to him. The mother swore that she was unaware of the seeds or of any marijuana being in her home. On June 12, the house was searched by law enforcement officials and the marijuana, twenty-seven marijuana plants from the deck and the seed were seized. Those plants were from two to six inches tall, had dried up, were in bad condition, and there was some evidence that they were then dead from lack of attention. Mr. and Mrs. Little were both charged with possession of marijuana. Her criminal case was continued for over a year, for she was accorded the privilege of what was designated as "deferred prosecution." She further testified that no one ever smoked marijuana in her house.
Traci, her mother and Mr. Little reside in the same residence which was occupied by the parties before their divorce. The child has several young girl friends near her home, and she participates in a children's church choir. The mother maintains a neat home. Traci is a clean, well cared for, well rounded, mannerly, happy, normal, mindful, healthy child who is very lovable toward her mother. The father admits that the mother is a good housekeeper, that she takes good care of Traci, who is well adjusted, very bright and who has no physical nor mental imparities.
The parties have had no problems relative to the periods of Traci's visits with her father, for the mother has been very lenient in that respect. The father resides in an apartment where there is no yard available for children's play. The father admits that he has consumed alcoholic beverages, but contends that he has now quit.
The father's most respected and capable counsel contend that the best interest of a child, common sense, and reason each obviously dictates that it is an abuse of discretion for a court to leave a minor child in a drug environment. We find no fault with that argument, but such an environment did not here exist if the mother's testimony is accepted. Assuming, without deciding, that the evidence was otherwise adequate to prove the existence of a drug environment, the trial court was at liberty to believe the mother's testimony which negated that her home atmosphere was drug oriented.
 Our cases have reiterated many times the settled principles that in order to secure a modification of a judgment of child custody, there must be shown a material change of circumstances since the prior judgment which affects the best interest and welfare of the child. Smith v. Smith, 334 So.2d 915
(Ala.Civ.App. 1976). When, after oral hearing, the trial court renders its judgment, this court presumes it to have correctly applied discretionary authority and adjudged the best interest of the child. Donald v. Donald, 50 Ala. App. 9, 276 So.2d 436 (1973). We will not disturb or revise that judgment, unless it is so unsupported and contrary to the evidence as to appear plainly wrong. Stewart v. Grace, 360 So.2d 1032 (Ala.Civ.App. 1978)
Barber v. Lay, 384 So.2d 1095 at 1096 (Ala.Civ.App.), cert.denied, 384 So.2d 1096 (Ala. *Page 115 
1980); Taylor v. Taylor, 387 So.2d 849 (Ala.Civ.App. 1980);Alford v. Alford, 368 So.2d 295 (Ala.Civ.App. 1979); Simon v.Simon, 368 So.2d 289 (Ala.Civ.App. 1979).
In child custody cases especially, the intent perception of an attentive trial judge is of great importance. While we review the complete record, we are not permitted to reverse a trial court that personally observed and heard the evidence unless the judgment is so unsupported by the evidence that it constitutes an abuse of judicial discretion, and was, thus, clearly and palpably wrong. Ashley v. Ashley, 383 So.2d 861
(Ala.Civ.App. 1980). The weight to be afforded to the evidence was a matter within the exclusive prerogative of the trial court. We have meticulously reviewed all of the evidence and the excellent briefs, and we cannot hold that the trial court abused its discretion by failing to award Traci's custody to her father. The judgment of the trial court is, accordingly, affirmed.
Pursuant to her motion, we hereby grant to the appellee the sum of $500 to be paid by the appellant to the appellee's attorneys as their fee on this appeal.
The foregoing opinion was prepared by retired circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975), and this opinion is hereby adopted as that of the court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.