This is a divorce case.
The trial judge divorced the parties, awarded custody of their minor child to the husband, and awarded $10,000 as alimony in gross to the wife. The wife appeals and we affirm.
With the attendant presumptions afforded the trial court, the record reveals the following facts.
The parties were married in 1968. The wife was thirty-nine and the husband was fifty-five at the time of marriage. They have a son, Truman Williams, Jr., who was ten at the time of trial.
Prior to the marriage the wife lived with her mother in their jointly owned home in Mountain Brook. The wife was employed *Page 1031 
by Birmingham-Southern College as a private piano teacher. She also had income from a trust fund established by her aunt. At the time of the marriage the wife had debts of approximately $6,000.
The husband was a school teacher in Marion, Alabama. During the first year of their marriage the husband continued to teach and live in Marion and the wife continued to teach and live in Birmingham. They spent weekends together.
After the child was born, the family was still unable to establish a permanent home. Sometimes the parties were together, sometimes they were not. The wife and child apparently remained in Birmingham most of this time.
In 1972, the husband retired and moved to Birmingham to be with his family. However, in 1974 the wife sold her home in Birmingham and the family moved into a home in Marion that the husband had inherited.
After moving to Marion, the wife stored her belongings in the second floor of the husband's home in such a manner as to render that portion of the house unusable. At the time of trial she had still not unpacked most of her boxes. She also apparently had no interest in keeping the rest of the house clean. The wife did almost no cooking and bought only "junk" foods when she went grocery shopping. In fact, the husband did the vast majority of the housekeeping, cooking, and washing clothes.
The husband has made efforts to get his son involved in such community activities as boy scouts, the church, and swimming. The wife would not participate in these activities.
She spent much of her time in bed, eating or reading. When the wife was not at home in bed, she was gone in her automobile, rarely telling her husband where she was going or when she would return. She evidently drove a good distance, however, as she ran up large bills on her gasoline credit cards.
Finally, in 1980, the husband filed for divorce. A court-appointed expert, Dr. Tom Vaughn, was retained to assist the court in making its determination of child custody. Dr. Vaughn is a child psychologist. Based on interviews with the husband, the wife and the son, and on psychological testing which he administered, Dr. Vaughn prepared a report to submit to the court. Dr. Vaughn found that both parties have adequate parenting skills and that both are capable of providing for the child's physical and psychological needs.
The record reveals that the parties have not accumulated a great deal of wealth. In fact, the parties' only major asset is the husband's home in Marion.
The husband's salary during the marriage was never more than $8,000 a year. He retired from teaching in 1972 and remained unemployed for four years. At the time of trial he owned mutual fund stock worth about $4,500 and certificates of deposit worth about $32,000.
The wife had unearned income of approximately $12,600 per year at the time of trial. She estimated that she could earn an additional $6,000 if she were teaching.
The wife, through able counsel, raises three issues on appeal: (1) whether the trial judge erred in awarding custody of the parties' son to the husband; (2) whether the trial judge erred in awarding $10,000 as alimony in gross and whether he erred in failing to make a division of property; and (3) whether the trial court erred in awarding the wife only $5,000 in attorneys' fees.
The wife argues on appeal that the trial judge erred in awarding custody of the parties' son to the husband. The wife notes that the son expressed a desire to live with the wife. She also notes that Dr. Vaughn found that a "strong psychological bond" exists between the wife and son and that the wife is better able to respond emotionally to the child than is the husband. The wife argues that these facts require reversal of the custody award.
It is well-settled that when testimony is taken ore tenus, there is a presumption that the trial court's ruling with regard to child custody is correct. Sutton v. *Page 1032 Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975). We cannot reverse such a trial judge after personally observing and hearing the evidence unless the judgment is so unsupported by the evidence that it constitutes an abuse of judicial discretion, and is therefore clearly and palpably wrong. Ashleyv. Ashley, 383 So.2d 861 (Ala.Civ.App. 1980).
In child custody cases especially, the perception of an attentive trial judge is of great importance. Fassina v.Fassina, 401 So.2d 113 (Ala.Civ.App. 1981). The weight to be afforded to the evidence is a matter within the exclusive prerogative of the trial court. Fassina, supra.
While it is true, in the case before us, Dr. Vaughn found a strong psychological bond exists between the wife and son, he also found that awarding custody to the husband would not necessarily destroy that bond. He also found that the husband has adequate parenting skills and is capable of providing for the child.
The trial judge was in the position to hear and weigh the testimony in this case. An award of custody to the husband clearly is not unsupported by the testimony to the effect that the husband has adequate parenting skills and is capable of providing for the child.
With the evidence noted above in mind, we cannot say that the trial court abused its discretion in awarding custody to the husband.
The wife next contends that the trial court erred in granting her only $10,000 as alimony in gross and that the trial court erred in failing to make a division of property.
The trial judge has great discretion in awarding alimony in gross and in making a division of property. Weeks v. Weeks,373 So.2d 848 (Ala.Civ.App. 1979). An award of alimony in gross may compensate the wife for her inchoate marital rights and also represent a division of the fruits of the marriage where liquidation of the parties' assets is not practicable. Hawkinsv. Hawkins, 346 So.2d 967 (Ala.Civ.App. 1977). And the award of alimony in gross should not "cripple" the husband by compelling him to sacrifice his property. Leo v. Leo, 280 Ala. 9,189 So.2d 558 (1966).
In the case before this court the only major asset owned by the parties is the husband's home. The husband inherited that home from his father; it has been in his family for many years. In addition, the husband's eighty year old sister lives in an apartment in the back of the home. In light of these facts, and further noting the award of custody to the husband, it would hardly be practicable to sell the home. The trial court awarded the wife alimony in gross rather than ordering a sale of the husband's home and a division of the proceeds.
We now turn to the issue of whether the $10,000 award of alimony in gross was insufficient. In determining an award of alimony in gross the trial court should consider certain factors, such as: future prospects of the parties, age, health, station in life, and length of marriage. Shirley v. Shirley,350 So.2d 1041 (Ala.Civ.App.), writ quashed, 350 So.2d 1045
(Ala. 1977).
The record in this case reveals that the husband never made more than $8,000 per year during the marriage and that he is now past retirement age. Although the husband does have stock and certificates of deposit worth about $37,000, his future prospects are limited by his age. We also note that the court's awards of alimony in gross and attorneys' fees will reduce the husband's assets by $15,000.
The wife, on the other hand, has annual income of about $12,000 and could earn $6,000 more if she were teaching. She was only approximately fifty-two at the time of trial. There is no evidence in the record to suggest that she is unable to teach.
With the above in mind and with particular emphasis on the wife's present income and her ability to increase her income, we cannot say that the trial court erred in its award of alimony in gross or that it erred in failing to make a division of property more favorable to the wife. *Page 1033 
The last issue on appeal is whether the trial court erred in awarding the wife only $5,000 in attorneys' fees.
An award of attorneys' fees is within the sound discretion of the trial court and will not be reversed except for palpable abuse of discretion. Cozad v. Cozad, 372 So.2d 1322
(Ala.Civ.App. 1979). One of the factors to be considered in awarding an attorney's fee is the earning capacities of the parties. Jernigan v. Jernigan, 344 So.2d 778 (Ala.Civ.App. 1977).
As stated above, neither of the parties in the case before us has accumulated great wealth. But, in terms of annual income and future prospects, the wife is better off financially than is the husband. Consequently, we cannot say that the trial judge erred in awarding the wife only $5,000 in attorneys' fees.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.