The mother petitioned the trial court for an increase in child support. After several hearings and an appeal, the trial court eventually modified the child support payment by increasing the amount the father is required to pay.
The father appeals and we affirm in part and reverse in part.
The record, viewed with the attendant presumptions, reveals the following pertinent facts:
The parties were divorced on September 1, 1970. By agreement, incorporated in the divorce decree, the father was to pay $300 per month as child support. In May, 1978, the mother petitioned the trial court for an increase in child support. This petition was denied in August, 1978, and no appeal was taken.
In April, 1979, the mother again petitioned for increased child support. Evidence was heard ore tenus before a different trial judge who, in November, 1979, denied the petition. In reaching his decision the trial judge stated that he considered only the circumstances of the parties between August, 1978, and November, 1979. The trial judge indicated that if he had considered the circumstances of the parties from the time of the divorce decree he would probably have reached a different conclusion.
The mother appealed from the above decision claiming the trial court erred in not considering the changed circumstances that had occurred since the divorce decree which was the last decree that awarded child support. This court in Rowe v. Boley,392 So.2d 838 (Ala.Civ.App. 1980), aff'd, 392 So.2d 840 (Ala. 1981), accepted the mother's contention and held that the trial court erred in not considering any material change in circumstances that might have occurred since the original award of support. The trial court's decree was reversed and the cause remanded for further proceedings consistent with this court's opinion.
The trial court, on remand, did not hold another hearing on the matter. Instead, it considered the testimony it had previously heard along with the opinions of this court and the supreme court and held that there had been a material change in the circumstances of the parties. The trial court then increased the child support from $300 per month to $728 per month. The trial court further ordered that the increase in child support was to be retroactive to April, 1979, the month the modification petition was filed. Accordingly, the trial court entered judgment against the father for $9,844, *Page 438 
representing the retroactive increase in support payments. On petition of the father, the amount of child support was later reduced to $667 per month and the judgment representing retroactive child support payments was reduced to $8,441.
On appeal the father raises the following issues:
1. Did the trial court err to reversal in not holding an additional evidentiary hearing?
2. Did the trial court so abuse its discretion in the award of child support as to require reversal?
3. Did the trial court err to reversal in making the increase in child support retroactive? This court will address each of these contentions.
The father's first contention regarding the failure to hold an additional evidentiary hearing is without merit for two reasons. First, this court's opinion in Rowe v. Boley, supra, did not necessarily require the trial court to hold another evidentiary hearing. On November 21, 1979, a full evidentiary hearing on the mother's petition to modify the amount of child support was held. At that hearing the trial court heard evidence concerning the changed circumstances of the parties extending from the date of the original award of child support in 1970 to the time of the hearing. The trial court reached a decision adverse to the mother, as indicated. In Rowe v. Boley,supra, we reversed the trial court because it had failed to consider the evidence of changed circumstances since 1970 and we remanded the case for further proceedings not inconsistent with the opinion.
The trial court, as directed by this court, then considered all the evidence of changed circumstances since 1970 that it had previously heard. That evidence, viewed in light of the opinions of this court and the supreme court, convinced the trial court that there had been a material change in circumstances. Thus, under the present circumstances, it was unnecessary for the trial court to hold additional hearings in order to comply with the court's directions on remand. Put another way, all the pertinent evidence was before the trial court.
Secondly, a review of the record indicates that the father at no time requested an additional hearing. Such a request and a ruling by the trial court are necessary to place the trial court in error. See Posey v. St. Clair County, 270 Ala. 110,116 So.2d 743 (1959); State Farm Mutual Automobile InsuranceCo. v. Barrow, 46 Ala. App. 392, 243 So.2d 376 (1971).
The father's second contention as to the increase in child support is likewise without merit.
This court has held on numerous occasions that the modification of a prior child support decree, based upon changed circumstances of the parties, is within the sound discretion of the trial court. The exercise of this discretion is to be disturbed on appeal only if there is such an abuse of discretion as to be plainly and palpably wrong. Young v. Young,351 So.2d 611 (Ala.Civ.App. 1977); White v. White,334 So.2d 908 (Ala.Civ.App. 1976).
We find no abuse of discretion in this case. For a period of some nine years the father has been required to pay $300 per month in child support. This is equivalent to $100 per each of his three boys per month. As these boys have grown toward and into their teen years, the value of the support payments has steadily decreased, due to the effects of inflation. Conversely, the father, during this same nine year period, has experienced almost a doubling of his income. According to the father's testimony, his gross income in 1970 was $16,470.50 and his net income was $13,414.14. In 1978, the father's gross income was $30,336.36 and his net income was $23,189.13. Additionally, in 1979, the father experienced a twelve percent raise over his 1978 salary. According to the figures the father presented in his testimony, this raise would make his new net income approximately $24,964 per year. This court has previously held that a material increase in income is a weighty factor in sustaining a trial judge in increasing an award.Young v. Young, supra. *Page 439 
The father, through able counsel, primarily contends that the amount of the increase is so substantial that it constitutes an abuse of discretion. Admittedly this is a substantial increase in support payments but it is still substantially less than one-half the father's net income. In White v. White, supra, this court held that a support award which exceeded one-half of the father's net income did not warrant reversal for that reason.
The father's final contention concerning the retroactive increase in child support is, we believe, meritorious. The date upon which the increased support payments were to become effective was a matter within the sound discretion of the trial court. See Culverhouse v. Culverhouse, 389 So.2d 937
(Ala.Civ.App. 1980). However, making the increase in support payments retroactive to April, 1979, is, under the instant circumstances, an abuse of the trial court's discretion.
In April, 1979, the mother petitioned to have child support payments increased. This petition and subsequent proceedings have spawned two appeals to this court. The first time these parties were before this court, in Rowe v. Boley, we were presented with an issue of first impression. In that case, which was issued on June 4, 1980, this court reversed the trial court, which had held in favor of the father, and remanded the case with directions. The trial court's initial judgment after remand, which among other things, required the father to pay $9,844 in retroactive child support was not issued until March 4, 1981. The trial court's final judgment was not issued until May 22, 1981. To require the father to pay increased child support retroactive until April, 1979, under these circumstances, would be tantamount to punishing him for any perceived uncertainty in the law and for the inherent passage of time in the judicial decision making process. Additionally, we note that there is no evidence that the father has ever been in arrears in making child support payments and there is also some evidence that the children are hostile to him.
In closing, we note that the appellant-father, in his brief, makes reference to testimony presented at the 1978 modification hearing. This court, however, cannot consider the record of a prior proceeding that has not been properly appealed. The Alabama Rules of Appellate Procedure set out the proper procedures for perfecting an appeal. These rules cannot be circumvented by including the transcript of a prior proceeding within the record of a subsequent case that is properly appealed.
The mother requests an award of an attorney's fee for representation on appeal. A fee of $300 is awarded.
In summary, we hold that this case is to be affirmed in part and reversed in part. Specifically, the father is to abide by the provisions of the trial court's order of May 22, 1981, except that the trial court is directed to enter an order providing that the increased child support payments were to commence on May 22, 1981, the date of the trial court's final order.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and BRADLEY, J., concur.