This is an appeal from an amended order finding an arrearage of child support and contumacious contempt therefor.
The matter arose upon petition of the former wife requesting determination of accrued child support and a finding of contempt against the former husband. Husband answered, stating financial inability to pay, requesting modification of support and seeking a declaration as to ownership of a mobile home.
The court after oral hearing entered judgment against the husband for $1600 in unpaid child support and $400 as attorney fees. Modification was denied and no relief was given as requested by the husband. In response to a post-trial motion by husband complaining of the award of attorney fee to the wife without a finding of contempt under § 30-2-54, Code of Alabama 1975, the court amended its order with a finding of contumacious contempt.
Husband's first issue is whether the court erred in refusing to modify with regard to the child support and child visitation rights. He asserts that because he offered evidence of changed circumstances via his financial losses for the two previous years, and of wife's increase in income, he is entitled to a modification in his favor. Modification of a child support decree, based on changed circumstances, is within the sound discretion of the trial court and will not be disturbed on appeal unless this court determines the trial court plainly committed error requiring reversal. Boley v. Rowe,409 So.2d 436 (Ala.Civ.App. 1982); Fassina v. Fassina, 401 So.2d 113
(Ala.Civ.App. 1981). The amount of child support depends upon the needs of the child or children and the ability of the parent to pay. McCrary v. McCrary, 408 So.2d 523 (Ala.Civ.App. 1981). The primary consideration in every child custody case is the welfare of the child and the party seeking to modify support provisions of a prior decree has the burden of proving a material change in circumstances affecting the welfare of thechild. Cheatham v. Cheatham, 403 So.2d 250 (Ala.Civ.App. 1981). After a review of the record, we perceive no error in the finding that the husband failed to meet this burden.
The court's denial of visitation rights of the husband is also within its broad discretion in determining the best interests of the child. Allen v. Allen, 385 So.2d 1323
(Ala.Civ.App. 1980). We find no abuse of that discretion. *Page 82 
Husband's second issue is that the court erred in failing to declare the mobile home was property awarded him by the original divorce decree. That decree provided wife was to receive 120 acres of land plus $25,000 in cash, and husband was to receive "all the rest, residue and remainder of the property acquired by the parties during their marriage."
There was testimony presented that at the time of the original divorce decree the title to the mobile home was already in the wife, though the husband had voluntarily paid for it. The parties were separated for a long period before the divorce. The wife and child were living in the mobile home at the time of the divorce. There was also testimony that the issue of the mobile home had been before the court at previous hearings in the case. The failure of the court to declare in its judgment as to the mobile home must be considered as a denial of the relief requested. There is more than sufficient evidence that a denial was proper and not erroneous. We therefore accept the presumption of its correctness. Waters v.Waters, 387 So.2d 838 (Ala.Civ.App. 1980).
Husband contends the court erred in amending its order after his posthearing motion and finding him in contempt. A finding of contempt is necessary in order for the court to award attorney fees in a proceeding for the recovery of child support under § 30-2-54, Code of Alabama 1975. We find no error in the court's amendment of its judgment so as to comply with the provisions of § 30-2-54. See Rule 59, A.R.Civ.P. Husband further asserts error in the finding of contempt. Husband citesGorman v. Gorman, 392 So.2d 238 (Ala.Civ.App. 1980) for the proposition that inability to pay is a complete defense to a contempt charge. We find no application of Gorman in this case. Whether there is an inability to comply with a decree of the court is an issue of fact. The court heard the evidence on that issue. Its finding of contumacious contempt is presumed correct. Such finding appears neither wrong nor unjust. Talbertv. Talbert, 419 So.2d 240 (Ala.Civ.App. 1982).
No other matters being raised, this case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.