WRIGHT, Presiding Judge.
This is an appeal by the father, John Ronald McKinney, from a denial of a petition to modify child support provisions of a divorce decree.
The only issue is whether the trial court erred in refusing to reduce the amount of child support of the two minor children. Father presented evidence that many of his obligations under the original decree were paid on his behalf by his family-owned business. He says the company no longer makes some of the payments. However, there was evidence that his personal income is the same as at the time of the divorce and the income of the company, of which he is president, has increased. Husband asserts that he is entitled to a modification because of changed circumstances. Modification of a child support decree must be based on changed circumstances. Wise v. Wise, 396 So.2d 111 (Ala.Civ.App.1981). Though there may be evidence of change in circumstances, modification remains within the sound discretion of the trial court. The exercise of that discretion will not be disturbed on appeal unless this court determines the trial court plainly committed error requiring reversal. Fricks v. Fricks, 428 So.2d 80 (Ala.Civ.App.1983); Boley v. Rowe, 409 So.2d 436 (Ala.Civ.App.1982); Fassina v. Fassina, 401 So.2d 113 (Ala.Civ.App.1981). The amount of child support depends upon the needs of the child or children and the ability of the parent to pay, with the children’s needs being of primary concern. Fricks v. Fricks, supra; McCrary v. McCrary, 408 So.2d 523 (Ala.Civ.App.1981).
After a review of the record we find no abuse of the discretion afforded the trial judge in such matters. We affirm his denial of the petition to modify.
The mother is granted the sum of $350 as an attorney fee on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.