PITTMAN, Judge,
dissenting.
Assuming, without deciding, that the mother actually invoked Ala.Code 1975, § 30-3-110 et seq., merely by petitioning the juvenile court for a paternity judgment and an allied award of child support, I note that this court has not previously interpreted § 30-3-110 et seq. as requiring an award of retroactive child support upon the request of a petitioning party. Rather, in K.H.L. v. K.G.M., 782 So.2d 804 (Ala.Civ.App.2000), although we noted that the enactment of those statutes indicated a legislative recognition of a parental duty of support, we nevertheless affirmed the denial of retroactive support in that case, stating that “it is within the discretion of the trial court to award retroactive support back to the filing of the complaint.” 782 So.2d at 807. Although our affirmance in KH.L. was based upon the existence of voluntary payments made in that case by the child’s father to the child’s mother, we did not thereby limit the trial court’s discretion to consider other factors such as the needs of the child. See § 30-3-114, Ala.Code 1975 (mandating that for all periods in which support is requested, the court shall consider the needs of the child or children).
The trial transcript in this case contains a total of 10 pages of testimony, all of it from the mother. At the time of the trial court’s judgment, the child was only 15 months old. The record reveals that the mother had incurred child-care costs of $90 per week beginning in April 2001 and had provided health insurance for herself and the child for two months at a cost of $42.50 per week; the mother was paid $724.50 per week in gross wages, and she *270 admitted having received $65 from the father on one occasion. There was no other evidence concerning the mother’s expenditures on behalf of the child, and there was no indication that the mother had been unable to timely pay those expenses.
This court has stated that although the proper amount of child support will depend upon both the needs of the child or children and the ability of the parent to pay, “the children’s needs [are] of primary concern.” McKinney v. McKinney, 428 So.2d 104, 105 (Ala.Civ.App.1983). In my view, given the scant evidence before the trial court concerning the needs of the parties’ 15-month-old child, the trial court could properly have concluded that a prospective award of $648 per month as support for a toddler (which is almost $100 more than the monthly expenses to which the mother testified) was adequate, and that an additional award of retroactive support would be unnecessary. Because I cannot agree that the trial court abused its discretion in this case, I respectfully dissent.