THOMAS, Judge,
dissenting.
I respectfully dissent because I believe that this court, in the main opinion reversing the juvenile court’s judgment terminating the mother’s parental rights, has reweighed the evidence. A juvenile court’s factual findings, based on ore tenus evidence, in a judgment terminating parental rights are presumed to be correct and will not be disturbed unless they are plainly and palpably wrong. J.C. v. State Dep’t of Human Res., 986 So.2d 1172, 1183 (Ala.Civ.App.2007).
“This presumption is based on the trial court’s unique position to directly observe the witnesses and to assess their *435 demeanor and credibility. This opportunity to observe witnesses is especially important in child-custody cases. ‘In child custody cases especially, the perception of an attentive trial judge is of great importance.’ Williams v. Williams, 402 So.2d 1029, 1032 (Ala.Civ.App.1981).”
Ex parte Farm, 810 So.2d 631, 633 (Ala.2001).
The conclusion of the main opinion — that the evidence was insufficient to support a judgment terminating the mother’s parental rights — fails to give proper consideration to the specific findings of the juvenile court. Although it is true that the juvenile court heard no expert testimony regarding the effect of the mother’s mental limitations, the juvenile court, nonetheless, found:
“[T]he mother is unable to properly care for the child, and the Court having previously found that she was unable due to mental limitations to care for the child properly, and no evidence has been offered to the contrary.”
Because the mother’s mental deficiencies and delusions were readily apparent from her testimony, the juvenile court, which heard that testimony and observed the mother’s obvious intellectual limitations, was not plainly and palpably wrong in finding that the mother was unable, due to her mental limitations, to properly care for the child. When a witness’s mental deficiency is readily apparent to the fact-finder, expert testimony is not indispensable. See Beavers v. State, 634 S.W.2d 893, 898 (Tex.App.1982)(holding that defense counsel was not ineffective for failing to present, for purposes of impeachment, expert psychological testimony as to the mental deficiency of the State’s eyewitness when “[t]he record itself clearly show[ed] that during [the eyewitness’s] testimony, his mental deficiency and his capacity should have been thoroughly apparent to the jury”).
The main opinion notes that, although the mother’s parental rights to another child had previously been terminated, the record does not indicate the basis for that termination. The juvenile court, however, was required to consider that prior termination in weighing the effect of the mother’s obvious mental limitations on her ability to care for the child. See § 26-18-7(a)(8), Ala.Code 1975 (stating that, “[i]n determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child, the court shall consider ... [t]hat parental rights to a sibling of the child have been involuntarily terminated”).
The role of this court in viewing the sufficiency of the evidence is strictly to determine whether a reasonable fact-finder could be clearly convinced that the mother’s mental limitations rendered her unable to provide proper care for the child. We are not permitted to reweigh the evidence. It is a “well-established and fundamental principle of appellate review that the weighing of evidence presented ore tenus ... is to be performed by the trier of fact, not the appellate court.” Ex parte McInish, [Ms. 1060600, Sept. 5, 2008] — So.3d —, — (Ala.2008).
“ ‘[T]he evidence necessary for appellate affirmance of a judgment based on a factual finding in the context of a case in which the ultimate standard for a factual decision by the trial court is clear and convincing evidence is evidence that a fact-finder reasonably could find to clearly and convincingly establish the fact sought to be proved. Even if an appellate court in considering the evidence of record would reach its own conclusion that the evidence presented does not clearly and convincingly establish the fact sought to be proved, it is *436 not for that court to act upon its own factual determination but to determine instead whether the fact-finder below reasonably could have made a different finding based on the same evidence.’ ”
Ex parte McInish, — So.3d at — (quoting KGS Steel, Inc. v. McInish, [Ms. 2040526, June 80, 2006] — So.3d —, —(Ala.Civ.App.2006) (Murdock, J., concurring in the result)).
BRYAN, J., concurs.