This is an appeal from a judgment of modification and order for sale and division of real estate.
Parties were divorced by decree of December 17, 1973. Other than the usual provisions the decree contained only the following:
 "Fourth: That the Plaintiff shall have the use and benefit of the home owned by the parties located at Route # 6, Box 3, Bryant Drive, Gadsden, Alabama, for and during the remainder of her life, and upon her death, all her right, title and interest in said home shall go to the son of the parties, Billie Hughland Durham, and should the Defendant survive the Plaintiff, all his right, title and interest in and to said property shall go to their son, Billy Hughland Durham.
 "Fifth: That all right, title and interest in and to the household furnishings, furniture and effects owned by the parties, save and except Defendant's bed and an air conditioner which shall remain the property of the Defendant, is hereby divested out of the Defendant, and title to the same is invested in the Plaintiff."
Plaintiff remarried and moved from the home. Defendant filed a petition to modify because of the vacating of the home. The petition alleged that the son had relinquished all rights to the property given him in the divorce by executing a quitclaim deed to the plaintiff. It was further alleged that the original decree was based upon an agreement of the parties but varied therefrom.
Plaintiff filed answer to the petition, denying the material allegations and counterclaiming for half of savings which were alleged to have been withdrawn by defendant. The petition and counterclaim were set for hearing.
According to the testimony, on the date set for hearing, counsel reached agreement that the property would be sold and the proceeds divided equally between the parties. A quitclaim deed was to be obtained from the son and private sale would be held. In pursuance of the agreement, counsel for plaintiff forwarded to the son a quitclaim deed which was executed and returned. The deed was made to plaintiff and placed on record by counsel. Counsel notified plaintiff that the deed had been obtained and the sale was ready to be made. Plaintiff disavowed any agreement to sell and her counsel withdrew as her attorney.
The case was set for another hearing and judgment was entered directing a private sale and equal division of the proceeds between the parties. Plaintiff appeals.
Plaintiff contends that paragraph four of the decree set out above constituted a property settlement between the parties and *Page 1362 
may not be modified. Defendant contends said paragraph merely gave to plaintiff the use and benefit of the home for her life as alimony and thus is modifiable.
It appears to this court that paragraph four is most unusual. The home at the time of divorce was owned jointly by the parties. The record does not disclose whether the joint ownership was with right of survivorship. Though allegedly based upon an agreement of the parties, said agreement is not in the record. If it were, such agreement lost any contractual relationship when the decree was entered. It was never binding upon the court and was a nullity after decree. Garlington v.Garlington, 246 Ala. 665, 22 So.2d 89. Therefore, whether the agreement of the parties varied from the terms of the decree as entered is of no consequence after time for correction has passed. We can only determine what the decree says and its effect. Let us then examine the decree.
The fourth paragraph provided:
 "That the plaintiff shall have the use and benefit of the home . . ., for and during the remainder of her life, . . . ."
It is our opinion that the award to plaintiff was an award of alimony in gross and therefore not modifiable. The recent case of Hager v. Hager, 293 Ala. 47, 299 So.2d 743, discusses the history of alimony in this state and distinguishes between periodic alimony and alimony in gross. It is there pointed out that they are distinguished through determination of both source and purpose. Citing the cases of Borton v. Borton,230 Ala. 630, 162 So. 529 and Thompson v. Thompson, 282 Ala. 248,210 So.2d 808, the court said as follows:
 "`Alimony in gross' is the present value of the wife's inchoate marital rights — dower, homestead, quarantine, and distributive share. It is payable out of the husband's present estate as it exists at the time of the divorce. Borton v. Borton, supra. On the other hand, `periodic alimony' is an allowance for the future support of the wife payable from the current earnings of the husband."
The decree in this case made no provisions for the future support of the wife payable from the current and future earnings of the husband. In the absence of any evidence as to the estate of the husband at the time of the divorce, it can only be inferred that such estate consisted only of his joint interest in the home. Though his interest was not vested in the wife, the decree did grant to her the use and benefit of it for her life. The value of such use and benefit must be viewed as payment for the wife's inchoate marital rights which were to be lost after divorce. Such award would survive the death of the husband.
In view of our decision that the award of the use and benefit of the home for her life was alimony in gross, it follows that her vacating therefrom has no effect. The award is vested for her life whether she lives in it or not.
It is further evident that it is unnecessary for us to decide the correctness or legal effect of the portion of paragraph four disposing of the legal titles of the parties after their deaths. That has no bearing upon the present controversy.
The testimony concerning a pre-judgment agreement of settlement is not pertinent. This is a case of modification not specific performance of a contract. There being no authority in the court to modify, we reverse and render judgment for appellant.
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur. *Page 1363