This is an appeal from an order modifying a divorce decree to provide for reduced child support payments.
The husband filed a petition to modify the original divorce decree. The husband's petition requested the amount he was required to pay for child support be reduced. He also sought to have the divorce decree modified to show that only two children were born of the marriage and not five as stated in the separation agreement which was incorporated into the prior divorce decree. The husband later amended his petition seeking a court order directing that the parties' jointly owned real estate be sold for division.
After an ore tenus hearing, the trial court reduced the amount of child support from $200 per week to $130 per week. All other relief was denied.
The husband then moved to modify the judgment or, in the alternative, for a new trial. The trial court overruled this motion and in so doing stated specifically that all five of the children were included in the support order.
On appeal to this court, the husband initially contends the trial court abused its discretion by failing to further reduce the amount of child support. He bases this contention on the trial court's inclusion of all five of the wife's children in the support order. Secondly, the husband contends the trial court erred in failing to order the sale and division of the parties' jointly owned real property. This court, however, finds no error and affirms the trial court.
A lengthy review of the facts of this case is not necessary. Suffice it to say that the parties were divorced on October 10, 1979. A separation agreement was incorporated into the divorce decree. The separation agreement stated that as issue of the marriage there were born unto the parties five children and went on to name the children. Custody of the children was awarded to the wife and the husband was given visitation privileges. The husband agreed to pay $200 per week as child support. The agreement further provided that the parties were to retain joint ownership of their house and the wife was to be allowed to occupy the house for the remainder of her life.
The husband filed his petition to modify on January 7, 1981. An ore tenus hearing on the father's amended petition was held. After hearing the evidence, the trial court reduced the husband's child support payments by $70 per week and took no further action on the husband's petition.
The modification of an award of child support is within the sound discretion of the trial court and will not be reversed on appeal unless this discretion is abused. Murphree v. Murphree,366 So.2d 1132 (Ala.Civ.App. 1979). The trial court's discretion in determining the amount of child support is to be guided by the needs of the children and the ability of the parent to pay. Hayes v. Hayes, 337 So.2d 770 (Ala.Civ.App. 1976). After considering the husband's income and *Page 525 
the needs of "teens" and "near teens," this court concludes that there was no abuse of discretion in requiring child support payments of $130 per week regardless of whether this amount was for the support of all the children or only some of the children.
The husband's income is over $1,200 per month. The children's needs are readily apparent.
Furthermore, we find no error in including all five children in the support order. This is true regardless of what evidence may have been presented. The record clearly shows that the wife's complaint for divorce alleged that the parties had "five minor children born of the marriage." Furthermore, the separation agreement that was signed by the husband and incorporated into the divorce decree referred to the five children as "issue of the said marriage." In Stewart v.Stewart, 392 So.2d 1194 (Ala.Civ.App. 1980), cert. denied,392 So.2d 1196 (Ala. 1981), this court held that phrases similar to the above that were included in a complaint and a subsequent divorce decree based upon that complaint constituted a finding that the defendant was the father of the child. Therefore, we hold, based upon Stewart, that such language as the above contained in the complaint constituted a finding that the defendant was the father of the child. Therefore, we hold, based upon Stewart, that such language as the above contained in the complaint and separation agreement as incorporated into the divorce decree is sufficient to constitute a finding that the husband was the father of all five of the wife's children. As stated in Stewart v. Stewart, supra, this finding of paternity is res judicata between the parties and cannot be challenged in a subsequent action.
The husband apparently seeks relief from this finding of paternity under rule 60 (b)(1), A.R.C.P., on the ground of mistake. However, relief from a final judgment or order on the ground of mistake must be sought within four months after the judgment was taken. Thus, this action comes too late for relief for mistake since paternity was established in the 1979 divorce decree and this action was not instituted until 1981. Additionally, there is no "fraud upon the court" that would justify relief under rule 60 (b)(6), A.R.C.P. Stewart v.Stewart, supra.
This court also holds that the trial court did not err in failing to modify the divorce decree to require the sale of the joint property and division of the proceeds. The divorce decree in this case contained no provision for future support of the wife. The wife was, however, given the possession of the house for her life. The use and benefit of the house must be viewed as payment for the wife's inchoate marital rights and as such is alimony in gross. Durham v. Durham, 336 So.2d 1360
(Ala.Civ.App. 1976). Alimony in gross is not modifiable.McEntire v. McEntire, 345 So.2d 316 (Ala.Civ.App. 1977); Durhamv. Durham, supra.
The wife requests an attorney's fee for representation on appeal. A fee of $500 is awarded for such representation.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.