This is postdivorce litigation over whether the trial court should have ordered the sale of the jointly owned home of the parties for a division.
They were divorced in August 1974. The judgment of divorce ratified an agreement of the parties and it was therein decreed that the wife be awarded the custody of their five minor children, that the wife "shall have the possession of the home-place and title shall remain in their joint names," that the husband would pay the house note, all utility bills and certain expenses of the children, that the wife waived any claim which she had "to any alimony," and that the husband pay to the wife each two weeks $80 as child support.
All of their children have reached their majority and the father was relieved of any further responsibility of child support through one aspect of the present proceedings, and no issue is here made over that portion of this litigation. *Page 984 
The second aspect of the father's motion to modify the divorce decree sought the sale of the homeplace with the net proceeds to be equally divided among the parties. The trial court heard ore tenus testimony which is not before us. Its judgment of November 21, 1985 was that paragraph two of the 1974 judgment was in the nature of a property settlement and the husband's motion to modify the decree pertaining to the homeplace was denied. Paragraph two of the divorce judgment provided that the wife have the possession of the homeplace with title thereto to remain in their joint names. After his motion to reconsider was overruled, the father timely appealed.
The husband through his capable counsel contends that the award of the right of possession to the wife was not a property settlement or alimony in gross and, therefore, was modifiable and that the trial court should have ordered the property sold for a division. The wife's able counsel counters that in the cases which are cited by the husband the possession of the home was either conditioned in time or limited to specified circumstances or that jurisdiction over it was originally reserved by the trial court. It is contended that the wife's possessory right in the house was a part of the property settlement of the parties and that the trial court ruled correctly.
The wife's possession of the homeplace was not limited in any manner to a particular period of time or to the occurrence of a particular event such as until the youngest child reached adulthood, or the wife remarried, or the wife removed therefrom. Neither was jurisdiction retained to modify any portion of paragraph two of the divorce judgment. Thereby, she was granted the unrestricted right to possess the home for an unlimited period of time. To terminate her right to the possession of that property at any time by a sale thereof without her consent would be to reduce her interest in the property by a modification of the 1974 divorce judgment.
In McCrary v. McCrary, 408 So.2d 523 (Ala.Civ.App. 1981), a separation agreement had been incorporated into a divorce judgment whereby the parties retained their joint ownership of their house and the wife was allowed to occupy the house for the remainder of her life. The husband subsequently sought to sell the home for division and that relief was denied by the trial court. On the husband's appeal therefrom, the following was stated:
 "This court also holds that the trial court did not err in failing to modify the divorce decree to require the sale of the joint property and division of the proceeds. The divorce decree in this case contained no provision for future support of the wife. The wife was, however, given the possession of the house for her life. The use and benefit of the house must be viewed as payment for the wife's inchoate marital rights and as such is alimony in gross. Durham v. Durham, 336 So.2d 1360 (Ala.Civ.App. 1976). Alimony in gross is not modifiable. McEntire v. McEntire, 345 So.2d 316 (Ala.Civ.App. 1977); Durham v. Durham, supra.
McCrary, 408 So.2d at 525. If the use and benefit of the wife in the present case is alimony in gross, McCrary would apply. However, the facts in the present case hardly mesh withMcCrary, for, here, the wife was not explicitly granted a life estate in the house.
If the award of the possession of the house be construed to be a portion of the property settlement as established by the 1974 divorce judgment, the latest ruling of the trial court was proper since the provisions of a divorce judgment as to a division of property become final after thirty days from the date of the judgment and are not modifiable except for clerical errors. Ex parte Kirkley, 418 So.2d 118 (Ala. 1982); Small v.Small, 412 So.2d 283 (Ala.Civ.App. 1982).
We have given much study to the provisions of the 1974 divorce judgment, to the briefs of counsel, and to many opinions. With title to the homeplace having been left in the joint names of the husband and wife, with no condition or limitation having been placed upon the wife's possession, and *Page 985 
with no reservation having been retained by the trial court for any subsequent jurisdiction over such possession, we are of the opinion that the 1974 award of the possession of the homeplace to the wife constituted a part and portion of a property settlement and that it was not subject to future modification by the trial court. Accordingly, the trial court did not err in not ordering that the property be sold for division.
Outside of the merits of the case, we must also affirm the November 21, 1985 final judgment since it is clear from a recital contained in that judgment that evidence was heard ore tenus by the trial court. That evidence is not before us and we have no means of determining whether none, part, or all of it pertained to the present issue. However, since we do not have the benefit of a transcript of the trial evidence, or of any authorized substitute therefor, we must conclusively presume that the trial testimony was sufficient to authorize the judgment of November 21, 1985. Jones v. Jones, 464 So.2d 125
(Ala.Civ.App. 1985); Blase v. Blase, 419 So.2d 599
(Ala.Civ.App. 1982).
We affirm.
Since we are not aware of any authority to award fees to the wife's attorney in cases of this nature, her request for such an award is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.