J. ED TEASE, Retired Circuit Judge.
This is an appeal by the former wife of the trial court’s denial of her petition to sell a jointly owned residence for division of proceeds, this residence being the subject of a property settlement award in the 1980 decree of the divorce between the parties.
The 1980 divorce decree stated in pertinent part as follows:
“The Plaintiff [appellant] shall be, and is hereby, awarded the possession of the dwelling house owned by the parties during the minority of the minor child, said right to possession of said premises to cease upon said child’s finishing high *553 school or otherwise becoming emancipated, at which time possession shall be turned over to the Defendant; provided, however, that the Plaintiff shall make the required payments on the mortgage encumbering said dwelling house until said mortgage is paid in full or until she relinquishes the property to the Defendant.”
Appellant contends she is entitled to have a sale for division as a matter of right since the parties stipulated that the property cannot be equitably divided or partitioned.
Appellee on the other hand asserts that the 1980 divorce decree vested him with the equivalent of a life estate as part and portion of a property settlement, and this decree was therefore not subject to modification.
We agree with appellee, and affirm.
The parties below agreed to submit the case to the court on stipulated facts recited in the record and brief ore tenus testimony of appellee. The facts reflect that the parties took joint title to the property with right of survivorship by deed dated February 10, 1962. Both parties agree that, but for the construction and effect of the 1980 divorce decree, the appellant would otherwise be entitled to the relief sought, to-wit, a sale of the property for the division of proceeds. § 35-6-20, 1975 Code of Alabama.
The effect of the 1980 divorce decree, with respect to the real estate in question, was as follows: (1) it did not disturb the joint tenancy with right of survivorship between the parties, (2) it granted right of possession to the wife for a specified time (“possession ... to cease upon said child’s finishing high school or otherwise becoming emancipated, at which time possession shall be turned over to the Defendant”), and (3) it granted to appellee-husband the unrestricted right to possess the real estate without condition or limitation as to time or other events. The court did not specifically reserve continuing jurisdiction over the matter of possession by either party.
The facts in Smith v. Smith, 491 So.2d 983 (Ala.Civ.App.1986), as cited by appellee are similar to the facts in the case at bar in several important respects. In that case, ten years after the divorce, the husband petitioned to sell the marital home for division of proceeds. The divorce decree had stated that the wife “shall have possession of the homeplace and title shall remain in their joint names.” The husband was required to pay child support, mortgage payments, and certain other expenses; and the wife waived alimony. The trial court denied the husband’s petition to sell, holding that the wife’s right of possession was an award in the nature of property settlement and therefore was not subject to modification.
On appeal to this court we said:
“The wife’s possession of the home-place was not limited in any manner to a particular period of time or to the occurrence of a particular event such as until the youngest child reached adulthood, or the wife remarried, or the wife removed therefrom. Neither was jurisdiction retained to modify any portion of paragraph two of the divorce judgment. Thereby, she was granted the unrestricted right to possess the home for an unlimited period of time. To terminate her right to the possession of that property at any time by a sale thereof without her consent would be to reduce her interest in the property by a modification of the 1974 divorce judgment.”
Smith, supra, at 984.
In the case at bar, had the trial court ordered a sale for division, this would have constituted an unwarranted attempt to modify a part of the property settlement, requiring reversal. This the learned trial judge did not do.
The provisions of a divorce judgment as to a division of property become final after thirty days from the date of the judgment and are not modifiable except for clerical errors. Ex parte Kirkley, 418 So. 2d 118 (Ala.1982); Small v. Small, 412 So.2d 283 (Ala.Civ.App.1982).
The judgment of the trial court is due to be affirmed.
*554 The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.