L. CHARLES WRIGHT, Retired Appellate Judge.
This is a child custody case. After nine years of marriage the parties separated and filed suit for divorce. The parties have two minor children.
Ore tenus proceedings were held. The court entered a final judgment of divorce. Custody of the children was granted to the husband, with visitation rights awarded to the wife.
On appeal the wife contends that the court erred in awarding custody of the children to the husband because the husband’s “misconduct” caused the divorce. In her brief the wife places great emphasis upon the physical violence inflicted upon her by the husband. She asserts that this factor, everything else being “equal,” should cause a reversal of the custody award to the husband.
Our review in divorce cases is limited where evidence is presented ore tenus. The judgment of the trial court is presumed correct on appeal and will not be reversed unless it is so unsupported by the evidence as to be plainly and palpably wrong. Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App.1986).
To determine the appropriate legal custodian of children, the trial court should consider a variety of factors, including:
“The sex and age of the children are indeed . very important considerations; however, the court must go beyond these to consider the characteristics and needs of each child, including their emotional, social, moral, material and educational needs; the respective home environments offered by the parties; the characteristics of those seeking custody, including age, character, stability, mental and physical health; the capacity and interest of each parent to provide for the emotional, social, moral, material and educational needs of the children; the interpersonal relationship between each child and each parent; the interpersonal relationship between the children; the effect on the child of disrupting or continuing an existing custodial status; the preference of each child, if the child is of *955 sufficient age and maturity; the report and recommendation of any expert witnesses or other independent investigator; available alternatives; and any other relevant matter the evidence may disclose.”
Ex parte Devine, 398 So.2d 686, 696-97 (Ala.1981) (citations omitted).
The trial court has the discretion in an initial custody decision to consider the misconduct or fault of either or both parties as one of the many factors to consider in its custody decision. Santmier.
After reviewing the record of the ore tenus testimony, filed pursuant to Rule 10(d) and (f), Alabama Rules of Appellate Procedure, and the pleadings and discovery matters, we find that such is not contrary to the judgment awarding custody to the husband.
At the time of trial the parties' children, a daughter and a son, were ages eight and four respectively. The husband is employed as a policeman and earns approximately $20,000 per year. The wife is employed by the county department of health, as a “probationary” employee, and she earns approximately $24,000 per year.
The wife’s testimony shows that in September 1988 the husband struck the wife and then threatened to “kill her” if she told anyone. The parties’ daughter testified that she did not know the number of times her parents had fought, but that she had seen her father strike her mother more than once. Conversely, in response to an interrogatory directed to the wife, asking whether there had been violence between the husband and wife, the wife answered “no.” The husband denies striking the wife, but admits to touching or grabbing her in anger, just prior to their separation.
The daughter also testified that both parents assist her with her homework, cook meals for both children, and transport them to and from school.
The wife’s former supervisor testified that the wife had a reputation for not telling the truth and had left work without permission.
The trial judge had the benefit of observing the parties and witnesses. Without such advantage, in the absence of compelling evidence to the contrary, this court may not disturb the judgment of the trier of fact. See, Dockins v. Dockins, 475 So.2d 571 (Ala.Civ.App.1985).
The husband’s request for an attorney’s fee on appeal is granted in the amount of $300.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.