ROBERTSON, Judge.
This is a divorce case.
After ore tenus proceedings, the trial court divorced the parties and ordered a property division in August 1989. The wife’s motion for rehearing, although denied, resulted in the trial court’s issuing an order slightly amending the original decree. The wife then appealed.
The dispositive issue raised by the wife is: Did the trial court abuse its discretion in the property division?
The wife contends that the trial court did not fairly divide the marital property. She further contends that the trial court did not properly consider any misconduct or fault of the husband when it made the property division.
The law regarding such cases is well settled that when the trial court bases its judgment on ore tenus evidence a presumption of correctness attaches to the judgment. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). The trial court has broad discretion when determining a property division pursuant to divorce and is free to consider facts and circumstances unique to each particular case. Further, the trial court is not limited by a set of rigid standards in fashioning the award. Jones v. Jones, 560 So.2d 1092 (Ala.Civ.App. 1990).
Our thorough review of the record reveals that the trial court had much evidence before it, including the financial conditions of the parties, their ages and health, their station in life, the length of the marriage, and the conduct of the parties. Such *1236 factors are proper for consideration. Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985).
The cases are legion on this subject, and it will serve no useful purpose to detail the facts of the instant case. There is ample evidence contained in the record to support the property division ordered by the trial court. Absent an abuse of discretion or palpable error, we are not permitted to substitute our judgment for that of the trial court. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
Accordingly, the judgment of the trial court is affirmed.
The wife’s request for an attorney’s fee in this appeal is denied.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.