KENNEDY, Justice.
Jennifer Renae Dunn Farthing filed a complaint for divorce from James Vance Farthing on October 6, 1987. After ore tenus proceedings, the trial court divorced the parties and made a division of property. The plaintiff wife was awarded $20,000 from the proceeds of a sale of property that was held in the husband’s name.
The evidence presented at trial was as follows: The husband and his five siblings each inherited a one-sixth interest in property located in North Carolina. The husband and wife met in 1983 and began cohabiting thereafter. In 1984, the wife was severely injured in an automobile accident. She filed a lawsuit and received approximately $300,000 in damages. The wife gave the husband $45,000 of this money, and he used a portion of it to buy the inherited shares in the North Carolina property of two of his siblings. With this purchase and his inherited share, the husband held title to an undivided one-half interest in the North Carolina property. In March 1987, the parties were married. The parties separated in July 1987.
While the divorce was pending, the husband was offered $60,000 for the one-half interest he held in the property. The wife refused to execute a deed conveying her *292 marital interest in the property. The husband agreed to hold $20,000 in escrow until the divorce was final, and he sold his interest in the property for $60,000.
At trial, the husband testified that the wife gave him the $45,000 as a gift and that she did not stipulate as to how the money was to be spent. The wife testified that she gave the money to the husband so that he could purchase the property as a joint investment for their retirement. The trial court awarded the wife $20,000 from the sale of the property. The Court of Civil Appeals held that the wife was not entitled to the $20,000 because of § 30-2-51, Ala.Code 1975.
Section 30-2-51 provides:
“If either spouse has no separate estate or if it be insufficient for the maintenance of such spouse, the judge, upon granting divorce, at his discretion, may order to such spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse’s family; provided, however, that the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage.”
Due to the unique circumstances of this case, we hold that the “provided” clause of § 30-2-51 does not apply. Apparently, the trial court found that the wife made a substantial contribution from her own separate estate toward the husband’s purchase of his siblings’ interests in the property and for the purpose of purchasing the land as a joint asset. Section 30-2-51 does not apply in this case, because the wife had an equitable interest in the property held in the husband’s name. Consequently, we conclude that the trial court did not abuse its discretion in determining that this property was part of the marital estate.
When the trial court bases its judgment on ore tenus evidence, a presumption of correctness attaches to the judgment. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). The trial court has broad discretion when dividing property pursuant to a divorce and is free to consider facts and circumstances unique to a particular case. Hargett v. Hargett, 570 So.2d 1235 (Ala.Civ.App.1990). The division of marital property rests soundly within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. McNeal v. McNeal, 565 So.2d 651 (Ala.Civ.App.1990). The trial court is given broad discretion in a divorce case and its decision will not be overturned unless it is unsupported by the evidence or is otherwise palpably wrong. Johnson v. Johnson, 558 So.2d 954 (Ala.Civ.App.1990).
In the instant case, we conclude that the trial court did not abuse its discretion in dividing the proceeds of the sale of the North Carolina property. The trial court concluded that the property was part of the marital estate. The record supports the trial court’s apparent finding that the wife gave money to the husband for him to purchase the property for their retirement. A division of marital property does not have to be equal, but it must be equitable based upon the particular facts of the case. Wheelless v. Wheelless, 567 So.2d 386 (Ala.Civ.App.1990). Certainly, under the facts of this case, awarding the wife $20,000 from the sale of property that was purchased with $45,000 of her money is equitable in this case.
We find that the trial court did not abuse its discretion in dividing the proceeds from the sale of the North Carolina property, which the trial court found to have been held in the husband’s name but for the common benefit of the parties during their marriage. We reverse the judgment of the Court of Civil Appeals.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and STEAGALL, JJ„ concur.