RUSSELL, Judge.
The parties were divorced in the Circuit Court of Lauderdale County on March 10, 1991. Under the terms of the divorce judgment, the husband was granted custody of the parties’ oldest child and the wife was granted custody of the two younger children. The trial court divided the parties’ property, determining each party’s separate estate and effecting an equitable distribution of joint assets valued at over $1,000,000. The wife was granted exclusive use of the jointly owned marital residence, valued by the court at $350,000, *1388 until the youngest child reached majority, at which time the residence was to be sold and the proceeds divided equally between the parties.
The husband filed a motion to alter, amend, or vacate the trial court’s judgment, and, following a hearing on this motion, the trial court entered an amended judgment on May 20, 1991, wherein custody of all three of the parties’ children was granted to the husband. The divorce judgment was further amended to provide that the husband was to have exclusive use of the marital residence, and the wife was granted the option of selling her interest in the residence to the husband. The trial court reserved the right to determine the fair market value of the residence at the time of sale if it could not be agreed upon by the parties. The court also ordered that a sum of money that the wife had withdrawn from a joint investment account of the parties was to be charged against her share of the marital estate.
On July 25,1991, the wife filed a petition for rule nisi, alleging, inter alia, that the husband had failed to divide certain investment accounts as ordered by the trial court in the original divorce judgment. The wife also gave notice of her intent to sell her interest in the marital residence to the husband. The husband counter-petitioned for rule nisi on September 23, 1991, alleging that the wife, when vacating the marital residence in July 1991, had taken items of personal property awarded to him through the property division in the original divorce judgment. The husband also contested the wife’s right to require him to purchase her interest in the marital residence.
The parties subsequently dismissed their claims for contempt sanctions and agreed to submit remaining issues for determination by the trial court. These issues involved primarily the question of ownership of the items that the wife had removed from the marital residence, the rights of the parties with regard to the sale of the marital residence, and the adjustment of certain credits and debits in order to effect the court’s intended division of the marital estate.
In a judgment dated October 7, 1991, the trial court found that the disputed items of property had not been specifically addressed in the divorce judgment. Upon review of a list of items removed from the marital residence and claimed by the wife— including a number of kitchen wares, linens, and other household effects — and a list of items the wife had left for the husband — including various tools, furnishings, and silverware — the court stated that it “cannot determine that the division effected by the wife is inequitable.” Accordingly, the court awarded the wife the items she had removed from the residence. The court further held that, under the amended judgment of divorce, the wife had been granted the absolute right to require the husband to purchase her interest in the residence. Reaffirming its prior valuation of the residence at $350,000, the court allowed the husband six months to pay the wife $175,000 for her interest. The court denied the husband’s request that he be given credit against an asset balance he owed to the wife for payments he had made to the IRS in order to retain the tax status of a money-purchase pension trust. However, the court deducted $50,000 from the marital assets awarded to the wife due to certain withdrawals she had made from one of the parties’ jointly owned investment accounts. This amount was subtracted from the dollar amount that the trial court determined was still owed by the husband to the wife as a result of the husband’s failure to fully comply with the asset division in the divorce judgment.
The husband appeals from the judgment of the trial court; the wife cross-appeals from the portion of the judgment deducting $50,000 from her marital assets.
The husband first contends that his right to ownership of the disputed items of personal property was established by the property division in the original divorce judgment. He maintains that the trial court’s award of these items to the wife in the judgment of October 7, 1991, constituted an impermissible modification of a property settlement. The husband cites the well-settled legal principle that, other than *1389 for purposes of correcting clerical errors, a trial court lacks jurisdiction to modify a property settlement once thirty days have elapsed from the date of a divorce judgment. See, e.g., Lloyd v. Lloyd, 508 So.2d 276 (Ala.Civ.App.1987).
We concur with the husband’s statement of the law relating to modification of property settlements. However, we conclude that the judgment of October 7, 1991, did not modify the division of property provided for in the divorce judgment. Rather, by rendering a judgment as to ownership of the disputed property, the trial court was implementing the provisions of the divorce judgment as to division of the parties’ property. Although a divorce judgment may be final for purposes of appeal, it is also interlocutory in nature insofar as implementing provisions relating to the final disposition of property. Lloyd, 508 So.2d 276.
In paragraph 17 of the original divorce judgment, the trial court ordered as follows with respect to disposition of the marital estate:
“[E]ach party shall be entitled to retain exclusive title and possession of all personal effects and jewelry not specifically set forth above, and the property determined to be the separate [property] of each spouse shall remain exclusively the property of such spouse, and all other property in the marital estate not specifically herein awarded to the wife shall be and remain the property of the husband.”
Because the disputed items of property were not specifically awarded to the wife elsewhere in the divorce judgment, the husband asserts that this property was granted to him under the “catch-all” provision at the end of paragraph 17. However, a careful reading of paragraph 17 reveals that the trial court actually awarded the wife all property determined elsewhere in the judgment to be part of the wife’s separate estate and awarded her all her personal effects and jewelry not specifically set forth in the judgment. In essence, paragraph 17 acknowledged that any separate property of the wife and the husband that had not been considered by the court should remain their separate property— without specifically mentioning what that property was.
When ruling on the parties’ motions regarding ownership of the disputed items in its judgment of October 7, 1991, the trial court indicated that it did not consider ownership of these items to be in dispute at the time the divorce judgment was entered and that it had therefore not specifically addressed the items in that judgment. By holding that the wife’s division of the contested items was equitable, the trial court effectively found that the items claimed by the wife were her personal property at the time of the divorce.
We conclude that the trial court’s award of the disputed property to the wife was consistent with the terms of the divorce judgment and was not, therefore, a modification of the property settlement. Further, because the trial court’s exercise of discretion in implementing the terms of the divorce judgment was not plainly and palpably erroneous, we affirm the judgment of the trial court as to this issue. Robbins v. Robbins, 537 So.2d 964 (Ala.Civ.App. 1988).
The husband next objects to the trial court’s determination that the amended judgment of May 20, 1991, required him to purchase the wife’s interest in the marital residence when the wife chose to exercise her option of selling this interest. This objection appears to be based largely on the husband’s contention that the trial court’s treatment of him was discriminatory, in that the original divorce judgment did not grant him the option, later granted to the wife, of selling his interest prior to the children’s reaching majority. We find, however, that in granting the wife the option of sale, the trial court could have considered that, at the time of its order, the wife was unemployed and attending college in order to obtain an undergraduate degree. In her position the wife could have needed access to financial resources much more so than the husband, who earned an annual income of $600,000 as a cardiologist and had less need to convert his interest in *1390 the residence into cash. A property division in a divorce proceeding need not be equal, but it must be equitable according to the nature of the case. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App.1985).
A trial court has broad discretion when dividing property pursuant to a divorce. Ex parte Farthing, 590 So.2d 291 (Ala.1991). In view of the respective financial circumstances of the parties, we cannot conclude that the option of sale granted to the wife was inequitable. Accordingly, the trial court is affirmed as to this portion of its judgment.
The husband also objects to the trial court’s valuation of the marital residence at $350,000 when a real estate appraiser estimated its value to be $250,000. However, the trial court arrived at its valuation, and made a specific finding of fact in the original divorce judgment, after hearing ore tenus evidence indicating that the value of the residence was greater than $250,000. It is not the function of this court to substitute its judgment for that of the trial court. Shelton v. Shelton, 595 So.2d 900 (Ala.Civ.App.1992). Further, when a trial court hears evidence presented ore tenus, its judgment based upon that evidence will be reversed only if it is plainly and palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988). Because we cannot conclude that the trial court’s valuation of the marital residence was plainly and palpably wrong, this portion of the trial court’s judgment is also affirmed.
Additionally, the husband objects to the trial court’s refusal to give him credit against an asset balance he owed to the wife for federal income taxes in the amount of $60,000 that were assessed against his money-purchase pension trust following the divorce judgment. We find no error in the trial court’s denial of this credit. The trial court found in its final judgment that this pension trust was not included in the marital estate and had no relationship to the wife’s share of the estate. The husband’s failure to pay the amounts required by the IRS would have resulted in the trust’s disqualification by the IRS. Because the wife received no benefit from the trust, it would be inequitable to require her to contribute to it from her share of the marital estate. Therefore, this portion of the trial court’s judgment is affirmed.
We agree with the wife’s contention on cross-appeal that the trial court erroneously deducted $50,000 from her share of the marital assets due to her withdrawal of this amount from one of the parties’ joint accounts. When dividing the marital estate in the original divorce judgment, the trial court indicated that various investment accounts held jointly by the parties were to be divided equally between the parties. After rendition of the divorce judgment, the trial court learned for the first time that the wife had withdrawn $50,000 from one of these accounts after the divorce hearings but prior to the court’s judgment. In its judgment of October 7, 1991, the trial court indicated that it was accounting for this withdrawal and adjusting its calculation of the marital assets by debiting the wife’s share of another of the parties’ jointly owned investment accounts for $50,000. However, we find that because the wife had withdrawn this amount from a joint account of the parties, the trial court should properly have charged her share of this second joint account only $25,000 in order to effect the equal division of these accounts called for by the trial court in the original divorce judgment. Accordingly, we reverse this portion of the trial court’s judgment and remand for a proper calculation of the asset balance that the husband owes to the wife.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $400.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in part and dissents in part.