816 So.2d 477 (2000)
Gracie M. Treadwell ABBETT
v.
James M. TREADWELL.
2990675.
Court of Civil Appeals of Alabama.
December 1, 2000.
Rehearing Denied January 12, 2001.
Certiorari Denied October 5, 2001.
*478 James T. Gullage of Gullage & Williams, Auburn, for appellant.
Michael S. Harper of Harper & Smith, P.C., Tallassee, for appellee.
Alabama Supreme Court 1000807.
MONROE, Judge.
The parties married in December 1969, and obtained an uncontested divorce in January 1993. In contemplation of that divorce, they executed a separation agreement, which was adopted by the trial court in its final judgment of divorce.
In February 1994, the wife filed a motion asking the court to set aside the divorce judgment or, in the alternative, to modify it. In her motion, the wife contended that the separation agreement had been obtained by fraud and misrepresentation and that it had not divided all of the parties' assets. Specifically, she contended that the husband had a net worth in excess of $200,000 and that through his misconduct these assets were withheld from the jurisdiction of the court. She asked the trial court to vacate the divorce judgment, pursuant to Rule 60(b), Ala. R.Civ.P., or to modify it to require the husband to pay postminority child support for the parties' son, who was disabled because of muscular dystrophy. The wife alleged that the son would reach the age of majority on April 1, 1994. She asked that the court equitably divide the marital property and award her periodic alimony.
The husband answered and moved for a judgment on the pleadings. The parties filed their own affidavits, and the husband filed the affidavit of Charles Pienezza, an attorney who had notarized the wife's signature on the separation agreement.
In August 1994, the trial court issued an order stating that it had taken testimony on the wife's motion and had concluded that "no fraud was involved as to any document executed." The trial court denied the wife's request to vacate the judgment, and it also denied her alternative request to modify the judgment, stating that it "cannot modify the division of property at this time."
The wife filed a postjudgment motion, requesting that the trial court address the issue of postminority child support for the disabled son. After conducting a hearing on that motion, the trial court issued an order in December 1994, which stated:
"The child is currently receiving disability payments in excess of Four Hundred Dollars ($400.00) per month and the court is concerned that any child support payment would reduce that amount dollar for dollar. Consequently, the court will require the former husband to continue making insurance payments and to continue paying medical expenses not covered by insurance. However, until the issue regarding disability payments *479 can be resolved, the court will not require periodic child support payments."
In May 1995, the parties executed a modification agreement, which stated in part:
"1. The [husband] agrees to pay to the [wife] the sum of Four Hundred and no/100 Dollars ($400.00) per month ... beginning May 4, 1995, as support and maintenance for the [wife], which support shall continue until the child dies or pending further orders of this court.
"2. The spousal support provided for herein shall not be subject to increase by the court; however, upon a change of circumstances, the court reserves the authority to decrease or terminate the support provided for herein. Further, upon the death of the child of the parties, the spousal support shall immediately terminate and cease, the court's entry of an order of spousal support shall not entitle the [wife] to seek further or continuing spousal support or alimony after the death of such child, it being the intention of the parties hereto for the spousal support or alimony to continue only for the duration of the child's life and not be continued or allowed in any manner thereafter. [The wife] hereby agrees that the entering of the support order herein does not entitle her, and she further waives and forfeits any claim, to alimony or support upon the death of such child and agrees that the court shall have no authority to enter such a support award after the death of the child.
". . . .
"9. Except as specifically provided for herein, the terms, conditions, and provisions of the original decree of divorce entered by the court between the parties shall remain in full force and effect unless subsequently modified by an order of the court."
Thereafter, the trial court issued an order adopting the parties' modification agreement. There was no appeal taken from the August 1994 order, the December 1994 order, or the May 1995 order adopting this agreement.
In June 1997, the wife once again petitioned to vacate, rescind, or set aside the divorce judgment or, in the alternative, to modify it. The wife continued to maintain that the original separation agreement was obtained by fraud and that she was harassed into signing the agreement. The wife also sought a modification of the divorce judgment, asking that the trial court require the husband to pay postminority child support and one-half of the cost of providing 24-hour care to the parties' son; that the trial court determine that she has a life estate in the marital home for the life of the parties' son; that the trial court require the husband to pay the burial expenses for the parties' son; and that the trial court require the husband to pay the wife $100,000 as alimony-in-gross.
The husband answered and filed a counterpetition for modification, seeking the return of a van that the wife was allowed to use, seeking full use and possession of the marital residence, and seeking termination of the requirement that he make support payments and maintain health insurance for the parties' son.
After conducting a hearing, the trial court issued an order, finding that the majority of the issues raised by the wife "have been addressed and decided by the court either in the court's order of August 2, 1994, or in the decree of modification signed on May 30, 1995, and are, therefore, res judicata." The trial court also found that the wife did not present evidence sufficient to justify a modification. In its order, the trial court noted that the wife *480 had remarried and that she and the parties' son had moved from the marital home. The trial court determined that the only relief to which the husband was entitled was the return of the marital home. In its order, the trial court stated:
"The sad fact is that [the parties' son] is in very bad physical condition. In the years following his parents' divorce, [the son's] physical condition has declined. In this regard, it would seem that child support payments should have been continued in the order of modification entered on May 30, 1995. Unfortunately, at that time any contribution for child support would have reduced the amount received from Social Security dollar for dollar. As a result the parties came up with the scheme of spousal support contained in their agreement. The court is unwilling to open [the son] to this possibility by imposing post-[minority] support at this time, especially since [the husband] is obligated to pay spousal support until [the son's] death. This is true in spite of the fact that [the wife] has now remarried."
The wife appeals.
In Ex parte Cohen, 763 So.2d 253, 256 (Ala.1999), our supreme court stated:
"We hereby adopt the reasoning of those courts that have established a two-part test for determining whether a disabled adult child is entitled to support. To award such support, the trial court must (1) determine that the adult child is not capable of earning an income sufficient to provide for his or her reasonable living expenses and (2) that the adult child's mental or physical disability is the cause of his or her inability to earn that income.
"If the trial court, applying that two-part test, determines that the adult child is entitled to postminority support, then we agree with the Court of Civil Appeals that the court should use the child-support guidelines in Rule 32, [Ala.R.Jud.Admin.], to calculate the proper amount of that support."
Clearly, the adult child in this case is entitled to postminority support. However, the trial court declined to award postminority support because it would reduce the amount of the adult child's disability benefits. In Lightel v. Myers, 791 So.2d 955 (Ala.Civ.App.2000), this court concluded that the trial court correctly refused to offset the father's child-support obligation by the amount of SSI benefits the children received. In this case, the trial court, in essence, offset the father's child-support obligation because any support payments from the father would reduce the amount of the adult child's Social Security disability benefits. However, if an adult child is entitled to postminority support under the test established in Ex parte Cohen, 763 So.2d at 256, then the trial court must follow the child-support guidelines of Rule 32, Ala.R.Jud.Admin.
In the present case, the record does not contain a standardized Child Support Guidelines Form or a Child Support Obligation Income Statement/Affidavit Form from either party. When the child-support guidelines apply, the parties are required to file a standardized Child Support Guidelines Form and the Child Support Obligation Income Statement/Affidavit Forms. Martin v. Martin, 637 So.2d 901, 902-03 (Ala.Civ.App.1994).
The husband argues that the trial court deviated from the child-support guidelines and clearly stated the reasons for its deviation and, thus, that the judgment of the trial court should be affirmed. The husband also points out that in DeMo v. DeMo, 679 So.2d 265, 268 (Ala.Civ.App. 1996), this court recognized that a trial court may consider unearned income received *481 by the disabled child when deviating from the child-support guidelines. However, without the standardized Child Support Guidelines Form and the Child Support Obligation Income Statement/Affidavit Forms, we cannot determine how much child support the husband might be obligated to pay on behalf of his son, and this amount might be substantially more than any Social Security benefits received by the child. Thus, we reverse that portion of the trial court's judgment regarding child support and remand this case for compliance with Rule 32, Ala.R.Jud.Admin.
The wife contends that the trial court should have set aside the judgment of divorce or, in the alternative, should have modified portions of the original judgment of divorce. However, as previously noted, in 1994, the wife filed a Rule 60(b) motion, which was fully litigated. As previously noted, the wife did not appeal from the trial court's order addressing this issue. Instead, in June 1997, she filed another Rule 60(b) motion. However, "Rule 60(b) relief is not a substitute for an appeal from a prior decision ... nor is Rule 60(b) a vehicle through which a party may seek relief from its own calculated and deliberate choices." Ex parte Personnel Board of Jefferson County, 513 So.2d 1029, 1032 (Ala.Civ.App.1987) (citations omitted). Additionally, it is well settled that "other than for purposes of correcting clerical errors, a trial court lacks jurisdiction to modify a property settlement once thirty days have elapsed from the date of a divorce judgment." Matthews v. Matthews, 608 So.2d 1386, 1388-89 (Ala.Civ. App.1992).
The wife also contends that the trial court impermissibly modified the divorce judgment when it terminated her right to use the marital home. The separation agreement, which was adopted by the divorce judgment, stated:
"10. The marital residence is hereby awarded to [the husband] and [the wife] hereby grants, bargains, sells, and conveys all her right, title, and interest in and to the marital residence to [the husband]. The parties agree that the [wife] shall be allowed to remain in the marital residence until such time as the minor child of the parties dies. After that time, the [wife] will be allowed to remain in the residence no longer than one year from the date of the minor child's death. At that time, possession of the marital residence will immediately revert to and be vested in [the husband]. The [wife] will also have the use and benefit of all furniture now present at the marital residence until such time as she vacates the residence."
In its February 2000 order, the trial court stated:
"It is also true that upon her remarriage [the wife] moved from the marital residence. The court is not persuaded that she should have a life estate in that property since, at most, all she ever had was a life estate pur autre vie. That is, a life estate for the life of [the parties' son].
". . . .
"... The only relief that [the husband] is entitled to concerns return of the marital home. Since [the son] and [the wife] have moved from the home, there seems to be no reason to deny [the husband] use of that property.
"It is Therefore Ordered, Adjudged, and Decreed that both parties' prayers for relief are denied with the exception that [the wife's] right to use the marital home is hereby terminated."
Under the terms of the divorce judgment, the wife was entitled to the use of the marital home until one year after the death of the parties' son. The parties' son *482 has not died. The wife's right to possession of the marital home is an award in the nature of a property settlement and is not subject to modification. See Mattingly v. Mattingly, 541 So.2d 552 (Ala.Civ.App. 1989); Smith v. Smith, 491 So.2d 983 (Ala. Civ.App.1986). The trial court's termination of the wife's right to use the marital home prior to the death of the parties' son is an impermissible modification of the parties' property settlement. Matthews, 608 So.2d at 1388-89. Thus, this portion of the trial court's judgment is due to be reversed.
The wife also contends that the trial court should have awarded her attorney fees. Whether to award attorney fees in a divorce case is an issue vested in the discretion of the trial court, and the trial court's ruling on that issue will not be disturbed on appeal unless there was an abuse of that discretion. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App.1985). We find no abuse of discretion.
The wife also contends that the trial court should require the husband to pay her for the washing machine that he would not let her remove from the marital home when she moved out. In the separation agreement, the parties agreed that the husband "shall have and own ... the furniture, furnishings and appliances presently located at the marital residence." The wife contends that she purchased the washing machine; however, she presented no documents to support her contention. Thus, we find no error on the part of the trial court.
The trial court's judgment is affirmed in part and reversed in part, and the case is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
The wife's request for an attorney fee on appeal is denied.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., concur in the result.
CRAWLEY, Judge, concurring in the result.
Although I concur in the result, I cannot allow the misleading of the Social Security Administration by the parties and the trial court to pass without comment. When a trial court ratifies the parties' agreement to label what is obviously support for an adult dependent child as "spousal support," so as not to reduce the child's Social Security disability benefits, it is condoning a fraud. See In re Marriage of Benson, 495 N.W.2d 777 (Iowa App.1992):
"[SSI] is a social security program providing benefits to aged, blind and disabled individuals who have income and resources below certain statutory amounts. It is in the nature of a welfare program.... The purpose of [SSI] is to assure recipients' income is maintained at a level viewed by Congress as the minimum necessary for the subsistence of that individual....
"Clearly [SSI] is a public assistance similar to aid to dependent families.
". . . .
"... Like aid to dependent families, [SSI] is based on need and anticipates that it will only come into play if ... children do not have sufficient support from their parents. We will not structure child support so as to make families eligible for either program[]. Eligibility for these programs should be determined after the courts have fixed reasonable child support based on the noncustodial parent's ability to pay."

*483 In re Marriage of Benson, 495 N.W.2d at 781, 782 (emphasis added) (citations omitted).
This court has "general superintendence and control" of the trial courts in domestic-relations matters. See Ala.Code 1975, § 12-3-11. We do not comply with our statutory duty by remaining silent in the presence of fraud.
THOMPSON, J., concurs.