This postdivorce proceeding originated when Sandra Lee Keevan ("the wife") filed her third petition seeking a modification of a divorce judgment; she requested the same relief she had sought in the two earlier petitions. She asked the trial court to construe a provision in the divorce judgment she says is ambiguous, a provision pertaining to the division of the marital property. That provision requires Benn Alton Keevan ("the husband") to pay the wife $15,000, an amount representing her remaining equity in the marital residence.
The parties were divorced in January 1986. The divorce judgment awarded the marital residence to the husband. Paragraph three of the divorce judgment provided, in pertinent part, as follows:
 "That the [wife] shall convey to the [husband] all of her right, title, and interest in and to the homeplace of the parties located at Rt. 1, Box 1670, Foley, Alabama, and the [husband] agrees that he shall be responsible for all further obligations on the same. That the [husband] agrees that he shall transfer to the [wife] 909 shares of Alabama Power Company stock as partial payment for her equity in the homeplace and [husband] further agrees that in the event the homeplace of the parties should be sold the [wife] shall be entitled to an additional $15,000 from the net proceeds."
On July 17, 1987, the wife filed a motion to modify the judgment, requesting, among other things, that the husband be ordered to pay her $15,000 — the amount she contended was her remaining equity in the marital residence. On October 29, 1987, the trial court denied her motion to modify with respect to the $15,000. The trial court stated, in pertinent part:
 "1. The Court finds that there has been no material change in circumstances of the parties[;] therefore, the Motion to Modify . . . is denied."
On September 29, 1989, the wife filed another motion to modify, requesting, among other things, that the husband be ordered to pay her $15,000 pursuant to paragraph 3 of the divorce judgment. The trial court did not specifically deny that motion to modify; it entered a new judgment that did not address that issue. The trial judge who considered the wife's first two petitions for a modification was the *Page 381 
judge who had entered the judgment of divorce.
In July 1999, before a different judge, the wife filed a third motion to modify, alleging in that motion that "it is in the best interest of the parties that the homeplace be sold and that she receive her $15,000 from the sale of the homeplace."
The court conducted ore tenus proceedings on September 26, 2000, and it ordered on September 29, 2000, as follows:
 "1. THAT the Court did hear arguments regarding the construction of Paragraph Three of the Judgment of Divorce regarding when, if ever, the [wife] should be entitled to $15,000.00 out of the equity of the homeplace. The husband has argued that his interpretation is that the wife may never get her interest in the homeplace if he or his heirs forever decide never to `sell' the homeplace. The wife's position is that it is sometime sooner than never.
 2. THAT the Court does determine that the husband shall make arrangements to pay wife the $15,000.00 out of the homeplace once the youngest child reaches nineteen. In the event the husband does not buy the wife out of $15,000.00, then the homeplace shall be ordered sold upon proper motions being filed with the Court."
Neither party filed a postjudgment motion directed toward the September 29, 2000, judgment. The husband appealed.
The husband argues that the trial court erred when it modified the divorce judgment on the wife's July 1999 motion, which was filed more than 30 days after the entry of the divorce judgment. In the alternative, he argues that the trial court erred in granting the wife's motion to modify because, he says, there was no material change of circumstances. The wife did not file a brief on appeal. We reverse and remand. We conclude that the trial court's judgment was erroneous because it modified a provision of a divorce judgment pertaining to a property division more than 30 days after the judgment of divorce had been entered.
Where the question on appeal is purely a question of law, the ore tenus rule does not apply and appellate review is de novo. Ex parte Perkins,646 So.2d 46 (Ala. 1994). "A court cannot modify property provisions [in divorce judgments], except to correct clerical errors, after 30 days from the final judgment." Hamilton v. Hamilton, 647 So.2d 756, 759
(Ala.Civ.App. 1994). Further, "divorce [judgments] are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties. Such intent can be derived from the provisions of the agreement." Satterfieldv. Satterfield, 419 So.2d 601, 603 (Ala.Civ.App. 1982).
 "`[W]here the terms of an agreement between divorcing parties is doubtful or the language of the agreement is ambiguous, the court may allow testimony regarding precontract negotiations as well as the understanding of the parties. However, if the terms of a written agreement appear to be both clear and certain, oral testimony regarding the intent or understanding of one of the parties is inadmissible.'"
Ex parte Littlepage, 796 So.2d 298, 302 (Ala. 2001) (quotingCroft v. Croft, 513 So.2d 630, 632 (Ala.Civ.App. 1987)). InEx parte Littlepage, our supreme court, reversing this court's judgment, held that a provision in the divorce judgment concerning a property division was not ambiguous and held that it was improper to require the former husband to pay the former wife's credit-card debts that had not been covered by the divorce judgment. Ex parte Littlepage, *Page 382 
supra. Our supreme court further stated in Ex parte Littlepage that the law prohibited the trial court from varying the express provisions of the divorce judgment or from considering parol evidence where there was no ambiguity.
The language of the divorce judgment in this present case provided that "in the event the homeplace of the parties should be sold the [wife] shall be entitled to an additional $15,000 from the net proceeds." Although the wife testified that when she entered into the agreement she believed she would receive the $15,000 "sooner rather than later," she admitted that she reviewed the agreement before she signed it. 796 So.2d at 380.
In Smith v. Smith, 491 So.2d 983 (Ala.Civ.App. 1986), a case cited by the husband in his brief on appeal, the divorce judgment stated that the wife "shall have the possession of the homeplace and title shall remain in their joint names." 491 So.2d at 983. The husband was required to pay child support, mortgage payments, and certain other expenses. The trial court denied the husband's petition to sell the residence, holding that the wife's right to possession was an award in the nature of a property settlement and therefore was not subject to modification. This court said:
 "The wife's possession of the homeplace was not limited in any manner to a particular period of time or to the occurrence of a particular event such as until the youngest child reached adulthood, or the wife remarried, or the wife removed therefrom. Neither was jurisdiction retained to modify any portion of paragraph two of the divorce judgment. Thereby, she was granted the unrestricted right to posses the home for an unlimited period of time. To terminate her right to the possession of that property at any time by a sale thereof without her consent would be to reduce her interest in the property by modification of the 1974 divorce judgment."
491 So.2d at 984.
In the case before us, the husband's possession of the homeplace was not limited in any manner to a particular period of time or to the occurrence of a particular event such as the youngest child's reaching the age of majority. See Smith v. Smith, supra. The trial court did not retain jurisdiction to modify any portion of paragraph three of the divorce judgment. Therefore, the husband was given the unrestricted right to possess the marital residence for an unlimited period. To terminate his right to the possession of that property would be to reduce his interest in the property by modification of the 1986 divorce judgment.See Smith v. Smith, supra.
In its order modifying the 1986 divorce judgment, the court ordered the husband to pay the wife $15,000 once the parties' son reached the age of majority or else the court would order that the homeplace be sold. The wife had twice petitioned for a modification, before obtaining the modification at issue in this appeal. On the wife's third petition for a modification, filed 14 years after the divorce judgment had been entered, a different trial judge modified the judgment. The modification pertained to a property division and was made more than 30 days after the judgment had been entered; the modification was reversible error. The judgment is reversed.
REVERSED AND REMANDED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur. *Page 383