THOMAS, Judge.
 

 Beverly J. Howard appeals from a judgment of the Autauga Juvenile Court summarily finding her in contempt of court. We reverse and remand with instructions.
 

 Howard is a licensed attorney and was representing a parent in a case before the juvenile court. While representing her client at a July 2009 hearing before Judge Phillip W. Wood, Judge Wood objected to conduct by Howard that he deemed as overly argumentative.
 
 [1]
 
 Judge Wood summarily found Howard in contempt of court and ordered her to spend the night in jail. Howard appealed the juvenile court’s judgment to the Autauga Circuit Court. Howard’s appeal was subsequently transferred to this court, pursuant to Rule 28(D), Ala. R. Juv. P.
 
 [2]
 

 “The determination of whether a party is in contempt of court rests entirely within the sound discretion of the trial court, and, ‘ “absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evi
 
 *1282
 
 dence so as to be plainly and palpably wrong, this court will affirm.” ’
 
 Gordon v. Gordon,
 
 804 So.2d 241, 243 (Ala.Civ.App.2001) (quoting
 
 Stack v. Stack,
 
 646 So.2d 51, 56 (Ala.Civ.App.1994)).”
 

 Stinson v. Larson,
 
 893 So.2d 462, 470 (Ala.Civ.App.2004). Moreover, when a question is purely an issue of law, the ore tenus rule does not apply and appellate review is de novo.
 
 Keevan v. Keevan,
 
 796 So.2d 379, 381 (Ala.Civ.App.2001).
 

 Howard argues that the contempt judgment against her should be reversed because, she argues, Judge Wood did not comply with Rule 70A, Ala. R. Civ. P. Rule 70A provides the procedures governing contempt proceedings in civil cases. Rule 70A(b)(l) provides:
 

 “Finding. The court may summarily find in contempt any person who commits a direct contempt, immediately notifying the person of its finding. The judge shall cause to be prepared a written order reciting the grounds for the finding, including a statement that the judge observed the conduct constituting the contempt. The order shall be signed by the judge and entered of record.”
 

 Howard argues that Judge Wood did not follow Rule 70A(b)(l) because Judge Wood did not prepare a signed, written order and because he did not enter an order on the record. In his brief, Judge Wood concedes that he did not follow the requirements of Rule 70A(b)(l) and agrees with Howard that the contempt judgment against Howard should be reversed on that ground. We agree that because Judge Wood did not prepare a signed, written order and then enter that order on the record, as required by Rule 70A(b)(l), the contempt judgment against Howard is due to be reversed.
 

 Howard also argues, and Judge Wood agrees, that remanding the cause for Judge Wood to comply with Rule 70A would serve no purpose in this case. Both parties urge this court to order a dismissal of the contempt proceeding against Howard because, the parties argue, the purpose of the contempt judgment — to maintain order and decorum in the courtroom— has already been served. There are no Alabama cases on this issue that are directly on point. In support of this argument, both parties cite
 
 United States v. Schrimsher,
 
 493 F.2d 842 (5th Cir.1974);
 
 Schrimsher
 
 construed Rule 42(a), Fed. R.Crim.P., which, at the time
 
 Schrimsher
 
 was decided, contained provisions similar to the provisions of Rule 70A(b)(l), Ala. R. Civ. P. In
 
 Schrimsher,
 
 after first concluding that the judgment of contempt in that case should be reversed, the United States Court of Appeals for the Fifth Circuit held:
 

 “From the sentence imposed by the judge in this case, it is clear that he was primarily concerned with the preservation of order in the courtroom during the trial in which [the attorney] was participating. Since that trial is long since concluded, we think a proper disposition of this case is to reverse the order of contempt and to dismiss the proceedings against [the attorney].”
 

 493 F.2d at 845. In this case, as in
 
 Schrimsher,
 
 Judge Wood found Howard in contempt because he was concerned with maintaining order and decorum in the courtroom. In addition, as in
 
 Schrimsher,
 
 the trial in this case has long since concluded. Thus, we find the arguments by both parties and the reasoning in
 
 Schrimsher
 
 persuasive in this case. Therefore, we reverse the trial court’s judgment finding Howard in contempt and remand the cause to the trial court with
 
 *1283
 
 instructions for that court to dismiss the contempt proceedings against Howard.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Judge Wood retired from the bench, effective January 1, 2010.
 

 [2]
 

 . Rule 28(D), Ala. R. Juv. P., provides that, in a juvenile case, "[a]n appellate court or circuit court may transfer an appeal that it determines should have been transferred to or brought in another court to that other court.”